## McNAC v. CHAPMAN.

No. 12533—Opinion Filed Oct. 30, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. Judgment—Motion to Vacate or Modify —Jurisdiction During Term.

It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated or modified by the court. Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851.

2. Same—Jurisdiction After Term.

It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them. Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851.

3. Same—Jurisdiction During Term—Discretion of Court.

A trial court, for the purpose of administering justice, has a very wide and ex-

tended discretion in vacating judgments rendered where an application is made at the same term. It is the policy of the law to allow a litigant the right to be heard upon the merits of his cause, and this right should not be denied by permitting parties to invoke purely technical barriers.

**4. Same—Refusal to Entertain Motion to Vacate—Abuse of Discretion.**

Where a motion is filed at the same term of court at which the judgment was rendered, in which it is alleged the plaintiff making the application is an illiterate Indian, unable to read or write, was not present at the trial, for the reason she had failed to receive any notice of the case being set for trial, and was relying upon another party who had agreed to notify her and furnish her conveyance to the trial, and it appears from the allegations of the motion that the plaintiff had not been negligent, and that her attorneys had not notified her of the result of the trial had in her absence, and the trial court in sustaining the motion to strike stated: "Well, I will tell you gentlemen, I have been trying these Indian land cases for three months and I am getting hard-boiled, I guess. This motion to strike will be sustained"—held, the action of the trial court constituted an abuse of discretion in sustaining said motion to strike and refusing the offer of the plaintiff to introduce testimony in support of the allegations to vacate the judgment.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Wisey McNac against Fred A. Chapman in ejectment to recover rents and profits. Judgment for defendant rendered on his cross-petition in the absence of the plaintiff at the trial. Plaintiff filed motion to vacate judgment at the same term of court which was stricken, and plaintiff brings error. Reversed and remanded, with directions.

W. R. Banker, Twyford & Smith, and Stuart, Sharp & Cruce, for plaintiff in error.

Earl A. Brown and Burford, Miley, Hoffman & Burford, for defendant in error.

KENNAMER, J. On November 24, 1919, Wisey McNac, plaintiff, commenced this action in ejectment and for accounting in the district court of Creek county against Fred A. Chapman, defendant. The action involved a part of the allotment of Sanford Hope, a one-half-blood Creek Indian who died in the year 1901. The plaintiff alleged in her petition she was his mother and the only heir to his allotment. The defendant filed an answer and cross-petition alleging he owned the land under a deed executed March 7, 1916, by Sunnyboy Hope, who was the father of Sanford Hope and the only heir to his allotment.

The defendant filed an amended answer and cross-petition on the 9th day of November, 1920, and the case was tried on the 12th day of November, 1920, in the absence of the plaintiff, on the cross-petition of the defendant, and judgment entered in favor of the defendant on his cross-petition. Counsel for the plaintiff was present and objected to going to trial, but never notified the plaintiff of the result of the trial.

On the 16th day of December, 1920, at the same term of court, the plaintiff, through other counsel, filed a motion to vacate the judgment, setting up numerous grounds, among which was assigned unavoidable casualty and misfortune preventing plaintiff from defending against the cross-petition. It was alleged in the motion that Wisey McNac and her husband were illiterate mixed-blood Indians and negroes unable to read or write and had no notice of the case being set for trial. That counsel for the plaintiff had agreed to notify O. O. Owens when the case would be tried so he could furnish the plaintiff conveyance to the trial and arrange for the attendance of her witnesses. It appears Owens had become interested in the case by reason of the execution of a deed by the plaintiff to him by which the plaintiff undertook to convey her interest in the land to Owens.

The motion to vacate the judgment was verified by Owens as the agent of the plaintiff.

On the 12th day of April, 1921, at a subsequent term of the court, the motion to vacate came on for hearing, at which time counsel for the defendant filed a motion to strike from the record of the court the motion to vacate, which motion was by the trial court sustained, and the offer of the plaintiff to introduce testimony in support of the allegations of the motion to vacate refused.

To reverse the order and judgment of the trial court striking the motion, the plaintiff prosecutes this appeal.

Section 810, Comp. Stat. 1921, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * *"

The 7th subdivision of said section provides:

"For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

And section 812, Comp. Stat. 1921, provides that, the proceeding for the vacation

of a judgment upon the ground provided for in the 7th subdivision of section 810, supra, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds upon which it is sought to vacate or modify a judgment or order, and the defense. It further provides that a summons shall issue and be served as in the commencement of an action.

It is insisted by counsel for the defendant that the plaintiff has not complied with these statutory provisions in that no petition was filed and no summons issued. While it is ordinarily true that a party attempting to vacate a judgment must follow substantially the statutory provisions where the judgment is sought to be vacated upon strictly statutory grounds, yet we are unable to agree with counsel that this general rule is applicable in all of its force to the instant case. The motion to vacate in this case was filed at the same term of court that the judgment was rendered, and this court, in the case of Phillip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851, held:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court.

"It is equally well established that after the term has ended all final orders or decrees of the court pass beyond its control unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them.

"A motion invoking the inherent equitable power of the superior court to vacate one of its own judgments was filed during the term at which such judgment was rendered, but was not ruled upon until the succeeding term, when it was sustained and the judgment set aside. Held, that the discretionary power of the court was not lost by the continuance of the motion to the next term, and when sustained at that term the action of the court in the premises was the same in legal effect as if the ruling had been made at the term at which the motion was filed.

"Where it does not clearly appear that the court below abused its discretion, its action in relation to such motion will not be disturbed on appeal."

It is our conclusion, upon an examination of the allegations of the motion to vacate the judgment in the instant case, that it should not be construed as having to comply technically with any of the statutory grounds for the vacation of judgments. While it ap-

pears to substantially comply with the 7th subdivision of section 810 of the statute, supra, it also invoked the inherent equitable power of the court to vacate the judgment. It is not material that the pleading was denominated a motion, but the material consideration is its allegations. Hemme v. School District No. 4, Osage County (Kan.) 1 Pac. 104.

It is clear to us that if the allegations of the motion are true, the judgment should be vacated and the plaintiff permitted to prosecute her action and defend against the cross-petition filed therein.

The question involved is one of discretion to be exercised by the trial court in ruling upon the motion to strike. The trial court in sustaining the motion of the defendant to strike stated:

"Well, I will tell you gentlemen, I have been trying these Indian land cases for three months and I am getting hard-boiled, I guess. This motion to strike will be sustained."

We believed, in this ruling of the trial court, it abused its discretion. The plaintiff should have been permitted to introduce her testimony in support of the allegations of her motion to vacate. The fact that the court was "hard-boiled" does not justify a miscarriage of justice. If the allegations of the motion are true, an illiterate Indian woman, unable to read or write, failed to be present at the trial by reason of having failed to receive any notice of the date said cause was set for trial. She was not notified of the result of said trial by her attorney, and her grantee, to whom she had conveyed the land and on whom she was relying to furnish her conveyance to the trial, was not notified of case being set for trial in accordance with an agreement that her attorney had made with him. It also may be stated here, if the allegations of her petition filed in the action are true, she has a good cause of action for the recovery of the land in controversy and for rents and profits arising therefrom.

A trial court, for the purpose of administering justice, has a very wide and extended discretion in vacating judgments rendered, where an application is made at the same term. It is the policy of the law to allow a litigant the right to be heard upon the merits of his cause, and this right should not be denied by permitting parties to invoke purely technical barriers. Anderson v. Graham, 87 Okla. 278, 210 Pac. 281. It is immaterial in this case that no summons was issued upon the filing of the application in the form of a motion, the same

having been filed at the same term of court at which the judgment was rendered and the defendant having appeared and contested the motion. Where a party enters a voluntary appearance and contests such an application upon the merits, he will be treated as having waived the right to be notified or summoned.

In view of the conclusion herein reached, the judgment of the trial court sustaining the motion to strike from the record the motion to vacate, the judgment is reversed, and the cause is remanded to the district court of Creek county, with directions to hear said motion and proceed in accordance with views herein expressed.

JOHNSON, C. J., and KANE, BRANSON, and HARRISON, JJ., concur.