### McNAC v. KINCH, Adm'x.

No. 12534—Opinion Filed July 14, 1925.

(Syllabus.)

**Judgment—Erroneous Refusal to Vacate Default.**

The syllabus in the case of McNac v. Chapman, 101 Okla. 121, 223 Pac. 350, is adopted as the syllabus of this case.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Wisey McNac against Joseph Kinch in ejectment and to recover rents and profits. Judgment for the defendant rendered on his cross-petition in the absence of the plaintiff at the trial. Plaintiff at the same term of court filed a motion to vacate the judgment, which was stricken on motion of defendant, from which the plaintiff appeals. Reversed and remanded, with directions.

W. R. Banker, Twyford & Smith, and Stuart, Sharp & Cruce, for plaintiff in error.

Geo. L. Burke, for defendant in error.

MASON, J. Wisey McNac commenced this action in ejectment and for an accounting in the district court of Creek county against Joseph Kinch. The defendant having died since the case has been appealed to this court, the action has been revived against Mattie M. Kinch, administratrix of the estate of Joseph Kinch, deceased. The action involves the surplus allotment of Sandford Hope, a half-blood Creek Indian, who died in the year 1901. The plaintiff alleged in her petition that she was his mother and the only heir to his allotment.

After filing answer in the case, the defendant, on the 9th day of November, 1920, filed an amended answer and cross-petition, and the case was tried on the 12th day of November, 1920, in the absence of the plaintiff on the cross-petition of the defendant. Judgment was entered in favor of the defendant on his cross-petition. Counsel for plaintiff was present and objected to going to trial, but never notified the plaintiff of the result of the trial. On the 16th day of December, 1920, during the same term of

court, the plaintiff through other counsel filed a motion to vacate the judgment, setting up numerous grounds, among which was assigned unavoidable casualty and misfortune preventing plaintiff from defending against the cross-petition. It was alleged in the motion that Wisey McNac and her husband were illiterate mixed-blood Indians and negroes, unable to read or write, and had no notice of the case being set for trial; that counsel for plaintiff had agreed to notify O. O. Owens when the case would be tried so he could furnish the plaintiff conveyance and arrange for the attendance of her witnesses. It appears Owens had become interested in the case by reason of the execution of a deed by the plaintiff to him by which the plaintiff undertook to convey her interest in the land to Owens. The motion to vacate the judgment was verified by Owens as the agent of the plaintiff.

On the 12th day of April, 1921, at a subsequent term of court, the motion to vacate came on for hearing, at which time counsel for the defendant filed a motion to strike from the record of the court the motion to vacate, which motion was by the court sustained; and the offer of the plaintiff to introduce testimony in support of the allegations of the motion to vacate was refused.

To reverse the order and judgment of the trial court striking the motion, the plaintiff presents this appeal.

This appeal is governed by the case of McNac v. Chapman, 101 Okla. 121, 223 Pac. 350. In that case the homestead portion of the allotment was involved, while in this case the surplus portion of the same allotment is involved. Although the questions presented by the trial of the two cases on the merits are somewhat different, the questions presented on these appeals are the same. In fact they are companion cases. having been filed at the same time. All proceedings complained of herein were had and disposed of in the same manner and at the same time as in the case of McNac v. Chapman, supra, therefore the opinion and syllabus in that case are adopted herein.

Therefore the judgment of the trial court sustaining the defendant's motion to strike from the record the motion of plaintiff to vacate the judgment is reversed, and the cause remanded to the district court of Creek county, with directions to hear such motion to vacate and proceed thereupon in accordance with the views expressed in the case of McNac v. Chapman, supra.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.