## HARLOW PUBLISHING CO. v. TALLANT.

· No. 24446. March 5, 1935.

Rehearing Denied April 16, 1935.

C. W. Van Eaton and Richard C. Hoy, for plaintiff in error. ·

William O. Coe, for defendant in error.

PER CURIAM. The plaintiff in error filed its appeal in the district court of Oklahoma county from a judgment rendered against it, as defendant, and in favor of George A. Tallant, as plaintiff, in a justice of the peace court. On the same day that the appeal was filed, the defendant in error filed his motion to dismiss the appeal on the ground that the appeal bond was fatally defective. Ten days later, on a regular assignment day of the same term, and in the absence of plaintiff in error, the motion to dismiss was sustained. On the day following, the plaintiff in error filed an unverified motion to vacate the order of dismissal. The motion to vacate alleged fraud and irregularity in obtaining the order, that the error complained of as a defect in the bond was purely clerical and could be amended without prejudice to the plaintiff's rights, and that it had a good and valid defense to the cause of action of plaintiff. There was no offer to correct the defect alleged, and no facts which the defendant would present as a defense were set forth. This motion was denied, and the district court specifically found that the motion to dismiss the appeal was duly filed on the 5th day of August, 1932, and entered upon the motion docket, and notice of the filing of the motion appeared on the 5th, 13th, and 15th days of August, 1932, in the Daily Record, a newspaper of general circulation in Oklahoma county, qualified by law to publish legal notices; and that there was no irregularity or fraud practiced in obtaining the order of dismissal. The defendant saved its exceptions to this order, and in due time lodged its appeal with this court.

The main question presented for consideration by the court is: Was the refusal of the trial court to vacate its order dismissing the appeal such an abuse of discretion as would warrant a reversal? To determine the answer, it is necessary to consider but two propositions raised by the motion to dismiss: (1) Was there irregularity in procuring the order? and, if not (2) Was there fraud in the procuring of the order?

By section 3832 of the Oklahoma Statutes of 1931, the terms of the district court of Oklahoma county were fixed for January, May, and September. The appeal from the judgment of the justice of the peace court was filed on the 5th day of August. On the same day was filed the motion to dismiss. which was placed on the motion docket, which was published as above noted, and the order of dismissal was rendered on the 15th day of August, 1932. It is not complained that the term was adjourned at the date of the order of dismissal.

In order to dispatch business in an orderly manner, courts should have regular assignment days to dispose of all motions and pleas. It is not complained that the order of dismissal was entered other than on a regular day provided by specific order or court rule for the hearing of the motion

docket. The complaint is that neither plaintiff in error nor its counsel had personal notice of the assignment. The specific finding of the court, in the order denying the motion to vacate, that there was no irregularity in obtaining the order of dismissal, is conclusive in the absence of showing to the contrary. This finding is also conclusive that the motion was regularly assigned for hearing and was heard pursuant to assignment, in the absence of proper showing to the contrary. No such showing was made by the plaintiff in error.

The trial court, since the motion to vacate was filed at the same term as that at which the order was entered, possessed wide discretion and control over its judgment, and its action thereon will not be disturbed unless there is a clear abuse of discretion. Section 556, Okla. St. 1931; Bell et al. v. Knoble et al., 99 Okla. 110, 225 P. 897; McNac v. Kinch, 113 Okla. 59, 238 P. 424; McKinney v. Swift, 135 Okla. 164, 274 P. 659.

In view of the foregoing undisputed facts, we cannot say that there was any abuse of discretion in denying the motion to vacate on the ground of irregularity in procuring the order of dismissal.

In order to warrant the court in considering the ground of its motion that the order of dismissal was obtained by fraud, the defendant company was bound by the provisions of subdivision 4 of sections 556 and 560, Okla. Stats. 1931, which provides that there must be first adjudged a valid defense to the action. Cherry v. Gamble, 101 Okla. 234, 224 P. 960; Myers v. Chamness, 102 Okla. 131, 228 P. 988.

The plaintiff in error neither showed nor offered to show any facts which it would present as a defense were the judgment against it vacated.

No party should ask that a court do a futile or idle thing. Why, then, vacate a judgment unless there be a defense tendered to the action on which it is based? Common fairness, aside from the statute, would require that the defendant show a defense before it sought to have the judgment set aside. Since it did not, nor offered to do this, it is in no position to claim error. There was no abuse of discretion in refusing to vacate the order of dismissal on the ground of fraud.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. A. Holden, Villard Martin, and Sam A. Neely in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holden and approved by Mr. Martin and Mr. Neely, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.