## CONSOLIDATED SCHOOL DISTRICT NO. 15 OF TEXAS COUNTY v. GREEN.

No. 26923. Sept. 21, 1937.

Ross Rizley, Orlando F. Sweet, and Vincent Dale, for plaintiff in error.

Hughes & Dickson, for defendant in error.

HURST, J. Pursuant to a written contract, the plaintiff, Green, constructed a school building for the defendant school district. The contract price was $34,634 and was to be paid out of the proceeds of a bond issue of $36,000 voted by the district. The record discloses that the plaintiff was paid $34,433.13 and he filed this suit to recover what he claimed was the balance due pursuant to the contract with certain additions in the sum of $2,469.60. Judgment was rendered on September 19, 1933, and the recitals in part are as follows:

"That plaintiff can only obtain judgment for the difference between $36,000, being the proceeds of bonds voted, and $34.433.13, amount the contractor has received, being $1,566.87, and the school district will only be liable to plaintiff for balance sued for of $1,099.60 when and if same is paid said district, or any part thereof, up to $1,099.60 by the state.

"It is, therefore, ordered, decreed and adjudged that plaintiff have judgment against the defendant, Consolidated School District No. 15, Texas County, Okla., for $1,566.87 with 6% interest from December 30, 1931."

No appeal was taken by either party. On June 21, 1935, after the expiration of the term at which the judgment was rendered, the plaintiff filed a motion in said case referring to the finding of the court that he was entitled to an additional amount in the sum of $1,099.60, and alleging that since the rendition of said judgment the state had paid to the county treasurer of Texas county for the use of said school district, the sum of $2,500 in fulfillment of a pledge made by the state to said district to aid in the erection of said building under section 6943, O. S. 1931, and the plaintiff moved the court "for an order including said sum of $1,099.60, together with interest thereon at 6 per cent. from September 19, 1933, in the judgment herein, and for a further order directing and requiring the treasurer of Texas county, Okla., to apply the whole of said sum of $2,500 or so much thereof as may be necessary to satisfy said judgment."

On July 1, 1935, one of the attorneys for plaintiff served a copy of said motion, together with a notice that it would be presented to the court on July 2, 1935, on two members of the school board of the defendant. On July 8, 1935, the motion of the plaintiff came on for hearing and the plaintiff introduced no evidence in support thereof, but the defendant did introduce the files in said cause, including the petition, summons, answer, reply, journal entry, findings of fact, and motion for new trial filed by the plaintiff. No further evidence was introduced by either side. Over the objection of the school district the court entered judgment finding and adjudging in part as follows:

"That heretofore, to wit, and on the 19th day of September, 1933, the court rendered a judgment in said cause in favor of the plaintiff and against the defendant school district in the sum of $1,566.87 and that at the time of the rendition of said judgment the court made a further finding that if and when the funds became available out of any

appropriations thereafter made by the said Legislature that the plaintiff would be entitled to a further judgment against said district for the sum of $1,099.60; that said motion filed herein by said plaintiff be treated as a petition for further judgment against said defendant school district inasmuch as the Legislature had made an appropriation for and on behalf of said consolidated district No. 15 of Texas county, Okla.; and that by reason thereof, the said plaintiff is entitled to a judgment against said consolidated school district No. 15 in the sum of $1,099.60.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, W. O. Green, have and recover judgment of and from said consolidated school district No. 15, Texas county, Okla., in the sum of $1,099.60, and that the county treasurer of Texas county, Okla., be authorized and directed to pay out of any available funds the said sum of $1,099.60 for the purpose of satisfying said judgment.

"It is further ordered, adjudged and decreed by the court that inasmuch as the court has lost jurisdiction over the original judgment, that no order be made directing the treasurer to pay out of said available funds the original judgment of $1,566.87."

The defendant school district filed a motion for a new trial, which was overruled, and the defendant has appealed.

The defendant argues that this is an attempt to modify the prior judgment without compliance with sections 556, 557, and 558, O. S. 1931, which prescribe the procedure and conditions under which a judgment may be modified or vacated after term, and the defendant cites the following authorities, which hold that the court is without jurisdiction at a subsequent term to take any steps toward vacating, modifying, or opening a judgment rendered at a previous term unless there is a substantial compliance with said sections. McAdams v. Latham (1908) 21 Okla. 511, 96 P. 584; Philip Carey Co. v. Vickers (1913) 38 Okla. 643, 134 P. 851; National Surety Co. v. S. H. Hanson Builders Supply Co. (1917) 64 Okla. 59, 165 P. 1136; McNac v. Chapman (1923) 101 Okla. 121, 223 P. 350; McNac v. Kinch (1925) 113 Okla. 59, 238 P. 424; American Inv. Co. v. Wadlington (1926) 114 Okla. 124, 244 P. 435; Taliaferro v. Batis (1926) 123 Okla. 59, 252 P. 845. There was no compliance with said statutes, and the motion did not state any grounds for relief under the same. The plaintiff does not dispute the contention of defendant in this regard, but contends that the court, pursuant to the finding in the prior judgment, simply held that the

conditions therein referred to had been fulfilled and the state had paid the money contemplated for the benefit of the defendant district, and that the plaintiff was entitled to the additional judgment of $1,099.60. The plaintiff cites no authority supporting the judgment on this theory.

"A judgment is a final determination of the rights of the parties in an action." Section 416, O. S. 1931. It is not contended that the judgment of 1933 is not a final judgment under said statute.

"A final judgment is one ending a particular action in which it is entered, leaving nothing further for the court pronouncing it to do to determine the rights of the parties." Carroll v. State (1920) 80 Okla. 89, 194 P. 219.

"Final judgments are such as at once put an end to the action by determining the right and fixing the amount in dispute." 1 Bouvier, Law Dictionary, Rawle's Third Revision, p. 1722.

"A judgment is the law's last word in a judicial controversy." 15 R. C. L. 569.

"A final judgment or order is one which puts an end to the action by granting or refusing to grant the relief the parties have asked for in their pleadings, and which gives that relief by its own force without further action by the court; while an interlocutory decree or order is one that leaves some further steps to be taken to enable the court to adjudicate and settle the rights of the parties." Perry v. Covington Sav. Bank & Trust Co. (Ky. 1922) 241 S. W. 850.

"A judgment is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." Klever v. Seawall, 65 Fed. 373, 12 C. C. A. 653.

The only authority for opening, vacating, or modifying a final judgment by proceedings instituted after the expiration of the term, is that prescribed by sections 556, 557, 558, O. S. 1931, and the court lost control of said judgment with the expiration of the term, except as he might open, vacate, or modify the same under a substantial compliance with said sections of the statute. Our statutes contemplate that but one final judgment can be rendered in an action to determine the rights of any one defendant. Sections 416, 417, O. S. 1931; Wells v. Shriver (1921) 81 Okla. 108, 197 P. 460; Friedman v. Friedman (1928) 132 Okla. 45, 269 P. 257.

The finding of the court in the first judgment that "the school district will only be

liable to plaintiff for balance sued for of $1,099.60 when and if same is paid said district, or any part thereof, up to $1,099.60 by the state," is without legal effect, as the court was without authority to enter a final judgment and at the same time reserve the right at a future term to enter an additional judgment, and any judgment entered at a subsequent term pursuant to such reservation is a nullity. 34 C. J. 219; Friedman v. Friedman, supra; Brady v. Hamlett (1878) 33 Ark. 105; Woods Bros. Construction Co., Inc., v. Yankton County, S. D. (1931) 54 Fed. (2d) 304. In the case of Brady v. Hamlett, supra, the rule is stated in the syllabus as follows:

"A final decree becomes absolute upon the expiration of the term at which it is rendered, and the court cannot of its own motion, or by consent of parties, open it at a subsequent term, for rehearing; an order entered at the term at which the decree is rendered, granting leave to file a petition for rehearing at the succeeding term, will not keep it within the control of the court. The decree should be opened and the cause continued."

In Woods Bros. Construction Co. v. Yankton County, S. D., supra, the court held that an order vacating a judgment entered at a prior term pursuant to a reservation in the prior judgment, without compliance with the statutes for vacating judgment, was a nullity, and the court quoted 34 C. J. 219, as follows:

"An attempted reservation in the judgment itself of power to amend or vacate it at a subsequent term does not enlarge or extend the authority which the court otherwise has in that behalf, and a new or amended judgment rendered at a subsequent term pursuant to such reservation is without jurisdiction and void; the prior judgment continues in force."

The case of Friedman v. Friedman, supra, is decisive of this case. There the court rendered a judgment for divorce and in the decree reserved the right to fix attorney's fees. It was held that the order fixing attorney's fees at a subsequent term was a nullity, the court having lost jurisdiction of the judgment with the expiration of the term at which the judgment was rendered.

In the judgment appealed from the court recited that he treated the motion as a petition for further judgment. He had no right to do this, which, in effect, was treating it as a new action. The plaintiff did not file the motion as a petition; no summons was served upon the school district requiring it

to answer the motion as a petition; the defendant was given no opportunity to plead to or answer the motion as a petition; the defendant did not appear to try the case on its merits as though the motion were a petition, but appeared to resist the granting of summary relief under the motion.

For the foregoing reasons, we hold that the court was without jurisdiction to enter the judgment appealed from. This makes it unnecessary to pass upon the contention of the defendant that the judgment is void for failure to make proof of the financial condition of the school district as required by sections 5976-5979, O. S. 1931.

The judgment is reversed, with direction to vacate the same, and to proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.