## KEAVY v. ANTHONY et al.

### Civil Action No. 63.

District Court, D. Rhode Island.

July 18, 1941.

William A. Gunning, of Providence, R. I., for plaintiff.

Clark Burdick, Edward J. Corcoran, and William A. Peckham, all of Newport, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on movants' motion for leave to intervene in a class action under the provisions of Rule 23(a) (3), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. That rule provides:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

\* \* \*

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

John Keavy, a citizen of Massachusetts, brought a civil action against the defendants, members of the Town Council of the Town of Portsmouth, Rhode Island, and all citizens of Rhode Island, on June 14, 1940. The matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

The original complaint alleges substantially that the plaintiff owned a certain dwelling house with certain furniture, equipment and furnishings therein contained, located in said Town of Portsmouth, which said dwelling house was partially damaged by the hurricane of September 21, 1938; that the defendants were duly elected members of said town council and were clothed with certain powers over the health and welfare of the inhabitants of said town and over the property therein situated; that on October 6, 1938, the defendants as members of the town council, in a duly recorded resolution, over the protest of the plaintiff, voted affirmatively that all of the wrecked and damaged dwellings in said town and the furnishings therein contained, including the plaintiff's dwelling house and the furnishings within the same, be immediately burned and destroyed under the supervision of the local fire department; and, in pursuance of said resolution, the plaintiff's said dwelling and contents were entirely burned and destroyed; that plaintiff was forcibly restrained and prevented in his effort to protect and salvage his property; that following the hurricane plaintiff's property did not constitute a nuisance or a menace to the health or welfare of the community and that the resolution that the property be immediately burned and destroyed was entirely and wholly without right or justification in fact and the act of the defendants in directing the destruction of the property was in excess of their official authority as conferred upon the defendants as members of the town council.

The defendants on July 6, 1940, filed in the office of the clerk of court an answer but failed to serve a copy thereof upon the plaintiff's attorney as required by Rule 5, Federal Rules of Civil Procedure.

On July 11, 1940, the plaintiff, under the provisions of Rule 15, Federal Rules of Civil Procedure, filed an amended complaint in which he alleges that he is a member of the Hurricane Victims Association of Portsmouth, Rhode Island, a voluntary, unincorporated, non-business body and that he brings this action for himself as well as for the benefit of any other member of said association who may join herein; that the plaintiff and a large number of other persons were the respective owners of certain summer dwelling houses, together with the furniture, furnishings, and equipment therein contained, each of said dwellings and the contents thereof being separately owned by the members of said association, independently of each other, and all of said dwellings being located in the Town of Portsmouth; that at the time of the hurricane all of said dwellings and contents owned by said large number of persons respectively, were damaged by said hurricane and that by reason of the certain grievances and by reason of the fact that the respective claims of said property owners presented questions of fact and of law common to all the said owners, said owners, including the plaintiff, formed and organized a voluntary unincorporated association, known as the Hurricane Victims Association of Portsmouth, Rhode Island, for the mutual protection and assertion of the respective rights and interests of said owners and that said association still continues to exist for the foregoing purposes. The grievances alleged in the amended complaint are substantially similar to those alleged in the original complaint.

On July 22, 1940, the defendants filed an answer to the amended complaint. Among the answers filed by the defendants are the following:

"3. The defendants deny the allegation in paragraph 3 of the complaint, that the respective claims of said property owners presented questions of fact and law common to all the said owners, and are without knowledge or information sufficient to form a belief that a Hurricane Victims Association had been formed or that it is still in existence, and aver that all of the allegations of said paragraph are immaterial, irrelevant and redundant.

"4. The defendants deny the allegation in paragraph 4 of the complaint, that the said dwelling was partially destroyed by the hurricane, and aver that it was completely destroyed by said hurricane. The defendants deny each and every other allegation contained in paragraph 4 of the complaint."

On January 23, 1941, fifteen residents of Massachusetts, six residents of Rhode Island and one resident of Maine moved for leave to intervene as parties plaintiff on the grounds that they are all members of said Hurricane Victims Association of Portsmouth, Rhode Island, and that all have suffered similar losses and damages, all of which occurred at the same time and in the same manner and under the same circumstances as set forth in the complaint of John Keavy, the original plaintiff herein, and that all the respective claims and causes of action present questions of fact and law common to all said parties, including the original plaintiff.

The motion for leave to intervene was objected to by the defendants. At the hearing on said motion the movants filed the following affidavit: "We, John Keavy, Michael J. Breen, and Lewis R. Morley, all of the City of Fall River, being duly sworn, on oath depose and say that we are the Chairman, Treasurer, and Secretary, respectively, of the Committee of the Hurricane Victims Association of Portsmouth, Rhode Island, an unincorporated, voluntary association, and that said Association was formed and organized on October 24, 1938, and that said Committee was forthwith duly created for the purposes hereinafter set forth; that the members of said Association consist of the various property owners owning property in the Town of Portsmouth; and that said Association was organized for the purpose of acting as a unit through a committee of said Association in respect to the various rights and claims of said property owners in relation to the loss and damage suffered by said owners, all of which loss and damage was occasioned at the same time and manner and under identical circumstances; that at the time of the organization of said Association, no thought then was in the mind of said members of litigation in the Courts of the United States, or in fact that any litigation would be resorted to; and we make further affidavit and say that said Association was not formed and organized with a view of creating a right of the members thereof to bring a class action and thereby to confer jurisdiction on the Court in disregard of the diversity of citizenship of the members or in disregard of the jurisdictional amount of the loss and damage sustained by

the respective members, and that said Association was not formed on the advice of counsel to effect said jurisdiction in the United States Courts."

It is the contention of the movants that the instant suit is of the type denominated a "spurious" class suit which may be maintained under Rule 23(a) (3) of the Federal Rules of Civil Procedure, and in support of their contention cite, among other cases, Independence Shares Corporation v. Deckert, 3 Cir., 108 F.2d 51, certiorari granted 309 U.S. 648, 60 S.Ct. 715, 84 L.Ed. 1000, reversed 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189. That case, however, is distinguishable from the instant case because the district court had jurisdiction under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., irrespective of diversity of citizenship or amount in controversy of an action brought by purchasers of securities alleging that securities were sold to them by the fraud and misrepresentation of a certain corporation by the use and means of instruments of transportation in interstate commerce and by the use of the mails.

The Rhode Island movants have no right to sue in this court unless they are allowed to intervene under the provisions of Rule 23(a) (3), and no one of the Massachusetts movants has a right to sue in this court unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. The sum or value of the respective matters in controversy does not appear.

Whether the property of each party did constitute a nuisance or a menace to the health or welfare of the community might present many different questions of law and fact affecting the several rights and such questions involving twenty-two different plaintiffs might conceivably confuse a jury and cause injustice being done to some. The defendants in their answer have denied that the respective claims of said property owners presented questions of fact and law common to all the said owners.

The movants have cited Metropolitan Casualty Ins. Co. of New York v. Lehigh Valley R. Co., 94 N.J.L. 236, 109 A. 743, in support of their contention. In that case a fire and explosion occurred at the terminal yard of the defendant company in Jersey City, early in the morning of Sunday, July 30, 1916, known as the "Black Tom explosion". The trial court ordered twelve cases to be consolidated for the purpose of trial and tried before the same jury, against the objection of the defendant. The court was called upon to decide if this was error. A New Jersey statute was involved and the court decided that the order of consolidation was not error. There is no question of consolidation involved in the instant case.

The court has examined the cases cited in the movants' brief and finds none that supports the question presented here for solution.

The granting of the motion would open up a new field of litigation heretofore unknown in the federal courts and this court is unwilling to establish such a precedent on the facts as alleged in the amended complaint.

The motion for leave to intervene is denied.