GASPAR ROCA BACÓ, Plaintiff and Appellant, v. GRETEL C. THOMSON, Defendant and Appellee.

No. 11108.   Argued March 3, 1954.—Decided November 12, 1954.

Fiddler, González & Nido, F. Fernández Cuyar and Carlos J. Faure for appellant. Germán Rieckehoff for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On November 26, 1952, Gaspar Roca Bacó filed in the Bayamón Part of the Superior Court an action of divorce against his wife, Gretel C. Thomson. He alleged in the complaint that during the first six months of 1952 "the defendant repeatedly treated plaintiff cruelly by words and deeds, humiliating and insulting him in the presence of third persons, assaulting him, and reiterating her disaffection for plaintiff and her intention to leave Puerto Rico alone and return to Canada, and that she actually abandoned the conjugal home on June 16, 1952. Furthermore, that in January and June 1952 the defendant assaulted plaintiff, affronting and insulting him, all of which has caused him extreme physical and mental suffering, endangering his health and destroying the peace of their home."

On November 29 of that year the defendant filed an answer, under her signature, denying the allegations recited above and urging dismissal of the complaint. On December 10, 1952, the Bayamón Court entered an order stating that in the act of reconciliation the parties (there being two minor children) signified "their intention to obtain a divorce and their unwillingness to desist voluntarily from this action." On December 12 the court of first instance rendered judgment sustaining the complaint of divorce on the ground of cruel treatment and grave injury, and setting forth therein that the hearing of the case was set for the same December 12, at which plaintiff appeared with his attorney and offered evidence in support of the alleged ground. On the same December 12 defendant filed a memorandum, under her signature, stating that she appeared in her own right

and that, having been served with notice of the judgment, she "waived formally and expressly her right to appeal from such judgment, wishing and consenting that the same become final and unappealable as of the date hereof."

In May 1953 the defendant, through attorneys, filed a motion in the Bayamón Court "urging reopening and vacation of the judgment," on the grounds set forth in the affidavit of merit accompanying the motion, in which the defendant stated briefly, under oath, as follows:

(1) That at the time the action was commenced and judgment rendered, there existed a stipulation signed by both parties with respect to the custody of the two minor children, incidental to an action of divorce between the parties which was pending in the Mayagüez Court, and that both spouses were living together as husband and wife at the time the action was filed in the Bayamón Court and judgment rendered.

(2) That the defendant "was precluded from answering the complaint in view of plaintiff's unscrupulous deceit; serious threats, and intentional moral and physical coercion."

(3) That at the same time the complaint was "surreptitiously" filed in Bayamón by the defendant (sic), the Mayagüez Court "rendered judgment on the Hearing of Stipulation on Custody of Minors."

(4) That "in view of the fact that the defendant entered American territory illegally, through fraud and misrepresentations carried out by plaintiff before the official authorities and even before her, the defendant has been under constant threat on the part of plaintiff of being deported, particularly at the time she was served with notice of the complaint, when plaintiff repeatedly and wickedly threatened to notify the immigration authorities of Puerto Rico of her illegal stay in this country if she answered the complaint or made attempts to consult an attorney;

(5) "That in view of defendant's evident defenseless state, plaintiff has plotted a monstruous conspiracy with the perverse and intentional purpose of depriving defendant of her rights and share in the community property, through compulsion, coercion, and deceit, compelling her to sign papers whose contents are to this date unknown to defendant, all of which plaintiff was able to do by taking advantage of defendant's ignorance of the Spanish language and the local law;

(6) "That the steps taken to file the answer to the complaint as well as the waiver of the right to appeal, were not taken by defendant herself nor with her consent. Neither did she purchase or pay for the stamps which are affixed thereto, it appearing from the papers in the hands of the Treasurer of Puerto Rico that they were purchased and paid for by a person signing the name of Chévere, who is not a friend, acquaintance, or relative of the defendant, and who, according to the papers in her possession, is the person who served the summons of the defendant (sic) against her in the above-entitled cause;

(7) "That the defendant never saw or read the text and body of the documents signed by her, including the answer, since plaintiff did not permit her to examine or read the titles and body of those documents but merely showed them to her, pointing out the line where she was supposed to sign, saying: 'Sign here, trust me, you don't have to read the rest.'

(8) "That defendant was never notified officially of the decree of divorce, but, on the contrary, plaintiff fraudulently concealed that fact from her, making her believe that the bonds of husband and wife still existed and that in that belief they continued to live together, having normal marital relations even after judgment was rendered;

(9) "That the defendant did not resort to court after learning of the existence of said judgment in view of the

fact that plaintiff deceived her, promising to remarry her and denying the dissolution of the marriage."

Defendant attached to the aforesaid documents a verified answer to the complaint denying the facts alleged as to the ground involved, alleging that they possess "numerous conjugal property" and setting forth diverse special defenses to the effect that it was plaintiff who had treated her cruelly and inflicted grave injuries on her, inflicting corporal punishment, as a result of which she had to be confined in clinics in order to recover from the blows inflicted by plaintiff and "to wear false teeth"; that plaintiff threatened to kill her and insulted her by word of mouth. In that answer defendant urges dismissal of the complaint.

Thereupon plaintiff filed an unverified opposition to the motion to set aside the judgment. Plaintiff denies therein the facts set forth in defendant's motion and sworn statement, alleging that the entire procedure followed in the action of divorce was correct and that defendant's original answer and waiver of her right to appeal from the judgment were made and filed in court with defendant's consent. In the record filed in this Court, certified by both parties, the following note appears:

"The Motion for Opening and Vacation of the Judgment and the Opposition to said Motion were submitted by stipulation of both parties for decision by the Bayamón Part of the Superior Court, without presentation of evidence by either party."

On July 16, 1953, the Bayamón Court, without receiving evidence, entered an order granting defendant's motion and setting aside the judgment already rendered. The lower court held that since plaintiff had not refuted by sworn statement the allegations contained in defendant's motion and affidavit of merit, that is, that since plaintiff had not controverted by a counter-affidavit the statements made under oath by the defendant, the facts alleged by the latter should

be considered as true. Plaintiff appealed to this Court assigning the following errors:

"First: The lower court erred in permitting that the controversy be raised and settled by a motion within the same action under Rule 60(*b*) of the Rules of Civil Procedure.

"Second: The lower court erred in deciding appellee's motion based solely on her Affidavit of Merit and on the alleged admission by plaintiff.

"Third: The question raised in appellee's motion was of a discretionary character and the lower court abused its discretion in deciding it the way it did."

■■ Appellant maintains that the facts set forth in defendant's motion to set aside the judgment and in the affidavit of merit, constitute an allegation to the effect that judgment was obtained by extrinsic fraud, and that Rule 60 of our Rules of Civil Procedure does not authorize such ground on which to set aside a judgment. He points out that our Rule 60 is a reproduction of Federal Rule 60, as it stood prior to December 17, 1946; that the original draft of Federal Rule 60 expressly included "fraud" as a ground, but that the term was omitted when the rule was finally approved; and that when Federal Rule 60 was amended in 1946, that ground was expressly included as basis for the annulment of a judgment, all of which is indicative of the intention not to authorize fraud as a ground to set aside a judgment.

Defendant's allegations imply that the divorce decree was obtained by fraud extrinsic to the judgment. The allegation of extrinsic fraud is predicated on the theory that a litigant was prevented from establishing or setting up in court his claims or defenses by reason of the fraudulent conduct of the other party, as distinguished from intrinsic fraud, which refers to matters inherent in the litigation, namely, those matters actually or potentially in issue in the action, while extrinsic or collateral fraud refers to the manner in which judgment was obtained and not to the merits of the judgment

itself. 49 C.J.S. 486 *et seq.*, § 269; 31 Am. Jur. 230, § 654, p. 279, §735; 3 Moore's *Federal Practice*, 3267, 3268, § 60.03, 1st ed.; *United States* v. *Throckmorton*, 98 U. S. 61; *Vance* v. *Burbank*, 101 U. S. 514; *United States* v. *Beebe*, 180 U. S. 343; *Toledo Scale Co.* v. *Computing Scale Co.*, 281 Fed. 488, affirmed, 261 U. S. 399; *Town of Boynton* v. *White Const. Co.*, 64 F. 2d 190; *Steel* v. *St. Louis Smelting & Ref. Co.*, 106 U. S. 447; *Nuckolls* v. *Bank of California Nat. Ass'n.*, 10 Cal. 2d 266, 74 P. 2d 264, 114 A.L.R. 708; *Flood* v. *Templeton*, 152 Cal. 148.

Federal Rule 60, as it stood prior to 1946 and as our Rule 60 stands now, is a direct reproduction of § 473 of the Code of Civil Procedure of California (§ 140 of our Code), and was substantially adopted from the California Code, and hence carries with it the construction placed thereon by the California courts. Moore, *op. cit.*, pp. 3255, 3270, 3271; Moore and Rogers, *Federal Relief from Civil Judgments*, 55 Yale L. J. 623; *McGinn* v. *United States*, Fed. Rules Serv., 60b51, case No. 3, 2 F.R.D. 562; *Ledwith* v. *Storkan*, 2 F.R.D. 539; *U. S. for Use of Kantor Brothers, Inc.* v. *Mutual Construction Corp.*, 7 Fed. Rules Serv., 60b24, case No. 1; *Fiske* v. *Buder*, 125 F. 2d 841. In California it has always been held that the courts have inherent power to set aside a judgment obtained by extrinsic fraud and that, therefore, within a liberal construction of the statute, such ground must be considered, by operation of the law, as included among the features or grounds enumerated in § 473 of the Code of Civil Procedure of California as a basis for setting aside a judgment. Moore, *op. cit.*, 1st ed., p. 3279; *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 256 Pac. 210; *Britton* v. *Bryson*, 216 Cal. 362, 14 P. 2d 502, a divorce case; *Tomb* v. *Tomb*, 7 P. 2d 1104; *Rhea* v. *Millsap*, 156 P. 2d 941; *In re Estrem's Estate*, 16 Cal. 2d 563, 107 P. 2d 36; *Deyl* v. *Deyl*, 199 P. 2d 424; *Cross* v. *Tustin*, 236 P. 2d 142; *In re Basso's Estate*, 180 P. 2d 923. Therefore,

such is the construction to be given to Rule 60, as taken from § 473 of the Code of Civil Procedure of California. It is true that, although earlier drafts of Federal Rule 60 set up in May 1936 by the corresponding Committee expressly mentioned the term extrinsic fraud, it was omitted from the final draft. However, as stated in 3 Moore 3278, 3279, 1st ed., "Although the earlier drafts of the Rules also included as grounds for relief accident and fraud, the change in the language of the final draft should not be construed as excluding these grounds for relief. The change was made so as to more nearly conform to the wording of the analogous provision of the California Code of Civil Procedure, which has worked very well in California practice." In view of the omission of the term "fraud", some federal courts have held that under Rule 60 such ground is no foundation for a motion to set aside a judgment. *Hadden* v. *Rumsey Products*, 96 F. Supp. 988, 992; *Shurtz* v. *Foster and Kleiser Corp.*, 29 F. Supp. 162, and commentary in 4 *Fed. Rules Serv.* 945. We prefer, however, the contrary view taken by other federal courts that, even under Federal Rule 60, as it prevailed before its amendment in 1946, that is, under our present Rule 60, extrinsic fraud is sufficient ground for a motion to set aside a judgment. *Fiske* v. *Buder*, 125 F. 2d 841, 844; *Assmann* v. *Fleming*, 159 F. 2d 332, 336, in which it is held that a motion for alleged fraud is sufficient ground, particularly "if the party was prevented from presenting the merits of his case." We therefore hold that, upon a liberal construction of Rule 60 and considering the reality that we are dealing with an inherent power of the courts, and that Rule 60 was adopted with the construction given in California, extrinsic fraud is an adequate ground to set aside a judgment.[1] Incidentally, in *Universal Oil*

---

[1] It has been indicated that in *Hazel-Atlas Co.* v. *Hartford-Empire Co.*, 322 U. S. 238, the Supreme Court has omitted the difference between intrinsic and extrinsic fraud, holding that the question of intrinsic fraud

*Co.* v. *Root Refining Co.*, 328 U. S. 575, 580, a case involving an allegation that judgment had been obtained by extrinsic fraud and decided before Rule 60 was expressly amended in 1946, it is held that "The inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question."

Federal Rule 60 was amended in 1946 to expressly include fraud, whether intrinsic or extrinsic, as a ground for a motion to set aside a judgment. The Advisory Committee on Amendments to Rules indicated the following (28 U.S.C.A. 312, "Rules of Civil Procedure," Rule 60):

"Fraud, whether intrinsic or extrinsic . . . or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b). *There is no sound reason for their exclusion.* The incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a 'reasonable time,' which might be after the time stated in the rule had run. *Fiske* v. *Buder*, C.C.A. 8, 1942, 125 F.2d 841; see also inferentially *Bucy* v. *Nevada Construction Co.*, C.C.A. 9, 1942, 125 F.2d 213. On the other hand, it has been suggested that in view of the fact that fraud was omitted from original Rule 60(*b*) as a ground for relief, an independent action was the only proper remedy. Commentary, Effect of Rule 60 b on Other Methods of Relief From Judgment, 1941, 4 Fed. Rules Serv. 942, 945. The amendment settles this problem by making fraud an express ground for relief by motion; . . ." (Italics ours.)

The commentary quoted merely recognizes the preexistence of a question of construction, and is compatible with the theory that the purpose of the amendment was to clearly express that which implicitly arose from the rule before the amendment.

may be raised by motion in the same suit. Moore, vol. 3, 1st ed., 1946 supp., p. 253. See, also, *Publicker* v. *Shallcross*, 106 F. 2d 949, *cert. denied*, 309 U. S. 624, and *Cowan* v. *Cowan*, 166 P. 2d 21. We need not pass upon this question in the case at bar, since here the challenge involves an alleged extrinsic fraud.

The Bayamón Court held that the facts set forth under oath by defendant were not properly refuted by plaintiff, since he failed to verify his opposition to the motion to set aside the judgment and filed no counter-affidavit refuting defendant's affidavit of merit. The lower court erred as to this particular. Plaintiff was not bound to verify his opposition, that is, it was not necessary for plaintiff to deny *under oath* the facts set forth by defendant in her affidavit of merit. Plaintiff was not bound to file a counter-affidavit in order to raise the controversies or issues between the parties on the facts alleged by defendant and denied by plaintiff in his opposition. Rule 11 of the Rules of Civil Procedure provides in part that, "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." See *Waymouth Estate Inc.* v. *District Court*, 63 P.R.R. 641. As stated in Moore's *Federal Practice*, 2d ed., vol. 2, p. 2105, § 11.03, "verification is the exception and not the rule. Truthfulness and honesty in pleading are made largely dependent upon subscription of the pleadings, and not verification." (Oppositions analogous to those in the case at bar are not included among the pleadings enumerated by Moore as requiring verification.) (In connection with Moore's statement, see *Hummel* v. *Wells Petroleum Co.*, 111 F. 2d 883; *Franzen* v. *Du Pont de Nemours and Co.*, 36 F. Supp. 375; *Albert Dickinson Co.* v. *Mellos Peanut Co. of Ill.*, 179 F. 2d 265.) Under Rule 11, the attorney's signature is the equivalent of an affidavit of merit, where an affidavit is not specifically required by a statute or rule. *Russo* v. *Sofia Bros., Inc.*, 5 Fed. Rules Serv. 12*b*.35, case No. 2; 2 F.R.D. 20.

There is no statute or rule requiring verification of an opposition to a motion to set aside a judgment, or even to an affidavit of merit accompanying such a motion. Therefore, plaintiff's opposition in the instant case was sufficient

to controvert and place in issue, or to establish an adequate conflict as to, the facts alleged by defendant.

In view of the foregoing, the lower court could not entertain the motion to set aside the judgment solely on the basis of the allegations of the parties. Where the al- legations of a motion are controverted, the moving party must sustain those allegations by sufficient proof. 37 Am. Jur. 508, § 16; *Cf. Brownfield v. South Carolina*, 189 U. S. 426. In a proceeding to set aside a judgment, the burden of proof is on the moving party. 31 Am. Jur. 314, § 787; *Assmann v. Fleming, supra*, involving an allegation of ex- trinsic fraud. As a general rule, no court has authority to set aside a judgment without some material evidence on which the application for relief depends. 31 Am. Jur. 315, § 788. Where an application to set aside a judgment is contested, the court should hear both parties (49 C.J.S. 548, § 299) and conduct a hearing. 49 C.J.S. 669, § 337; *McNac v. Chapman*, 223 Pac. 350. While courts have broad powers to set aside judgments, the exercise of this discretion must be based upon competent evidence, and when a responsive answer to the motion is filed which raises questions of fact, it is an error to open a judgment upon the petition of a party without a hearing. *Hamilton v. Sechrist*, 16 A. 2d 671. It is the function of the trial court to weigh the evidence and resolve any conflicts in the allegations on such motion. *City of Pacific Grove v. Hamilton* (Cal.), 224 P. 2d 19. A judgment may not be set aside arbitrarily and, before it is set aside, the party in whose favor such judgment stands of record is entitled to reasonable notice and hearing. *Hoppe v. St. Louis Public Service Co.*, 235 S. W. 2d 347, 23 A.L.R. 2d 846; *Morris v. Morris*, a divorce case cited in 23 A.L.R. 2d 853.

In *Kotkin v. Columbus*, 78 N.Y.S. 2d 263, it is stated in part as follows:

". . . motion to open default . . . could not be summarily disposed of on written papers, but hearing would be held . . .

The court, therefore, feels that this matter cannot be satisfactorily disposed of upon written papers, and directs that a hearing be had . . . This course, unquestionably, will be the more salutary one, and more conclusive towards a fair result for all parties concerned."

In *Universal Oil Products Co.* v. *Root Refining Co., supra*, the Supreme Court said at p. 580:

"The inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question. *Hazel-Atlas Co.* v. *Hartford-Empire Co.*, 322 U.S. 238. The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation. But if the rights of parties are to be adjudicated in such an investigation, the usual safeguards of adversary proceedings must be observed. No doubt, *if* the court finds *after a proper hearing* that fraud has been practiced upon it, or that the very temple of justice has been defiled, the entire cost of the proceedings could justly be assessed against the guilty parties . . . . But, obviously, a court cannot deprive a successful party of his judgment without a proper hearing. . . ." (Italics ours.)

A peculiar feature of this case consists in the fact that, as revealed by the record, the parties stipulated that the motion and the opposition be submitted to the determination of the court without evidence by either party. Ordinarily, stipulations are binding on the parties and should be enforced by the courts. An example of this would be a stipulation considering certain facts as proved or permitting that certain evidence be admitted. But the principle of the binding effect of stipulations is not absolute. A court is not bound to enforce a stipulation that is contrary to established principles of procedure (*Economy Cash and Carry Cleaners* v. *Cleaning, Dyeing and Pressing Board*, 174 So. 829), or one that would deprive a court of its power and duty to investigate the facts and to give equitable relief in the exercise of its discretion on the basis of the facts and the law.    83

C.J.S. 38, 39, § 17; *Grant Lunch Corp.* v. *Driscoll*, 29 A. 2d 888, *affirmed,* 33 A. 2d 900, *cert. denied,* 320 U.S. 801, holding that a stipulation to decide a certiorari without the original record is void. *Bowles* v. *Hudspeth*, 62 F. Supp. 803; *Laughlin* v. *Berens*, 118 F. 2d 193; *Gilkerson* v. *Baltimore and Ohio Ry Co.*, 51 S. E. 2d 767.

The stipulation in the instant case was practically void, since it was impossible for the lower court to pass upon the motion to set aside the judgment without hearing the evidence to be presented by the parties. The allegations of the parties (motion, affidavit of merit, and opposition) raised genuine issues as to the facts, which could not be decided on the basis of the documents which necessarily raised such issues. There was no reason why the court was bound to prefer or consider as true the allegations made by one of the two parties, without evidence. The stipulation must not be construed as a waiver by the defendant of her motion to set aside the judgment, or as a waiver by plaintiff of his opposition. The defendant could have entered into the stipulation under the wrong impression that, by plaintiff's failure to file a verified counter-statement, he had admitted the truthfulness of the facts alleged by her. Plaintiff could have subscribed the stipulation under the impression that, when making the stipulation, defendant neither carried nor satisfied the burden of proof which rested upon her in order that the judgment be set aside, and that, therefore, defendant's motion should have been dismissed because of the stipulation made. In any event, in making the stipulation either the parties were improvident, in which case there would be grounds for alleging that the stipulation was not binding on the court (83 C.J.S. 92, § 35), or they mutually sought to take certain technical advantages which should be subordinated to the advisability of conducting a judicial inquiry into the reality of the facts.

From plaintiff's point of view, he could have averred that defendant's motion should have been dismissed, since by failing to offer evidence she had failed to sustain the burden of proving the allegations. In *Buscher* v. *Mangan*, 59 So. 2d 745, 747, decided in 1952, it was held in part as follows:

"Fraud is never presumed but must be proven by clear and convincing evidence. The defendants, by stipulation that this matter come on for final hearing on bill and answer, waived the right to submit testimony and proofs in said cause and by reason thereof failed to carry the burden required to establish fraud . . . ."

This doctrine should not be applied to the instant case. In furtherance of justice, the most advisable and practical course to follow would be to wipe out the stipulation and to hold a hearing on the merits of defendant's motion, at which both parties may present their proof. That would be the more salutary and fair course. *Kotkin* v. *Columbus, supra.* The best practice for deciding motions is to hold hearings and give both parties ample opportunities. *Cf. Amy* v. *District Court*, 59 P.R.R. 659; *People* v. *Ramírez*, 50 P.R.R. 224.

The order appealed from will be reversed and the case remanded to the Bayamón Part of the Superior Court for further proceedings not inconsistent with this opinion.

Mr. Justice Sifre and Mr. Justice Belaval did not participate herein.