WHITTINGTON *et al. v.* SUMRALL.*

(Division B. Jan. 26, 1925.)

[102 So. 572. No. 24580.]

ESTOPPEL. *Party confessing motion to vacate judgment held estopped to assert lack of power to vacate at subsequent term.*

At a subsequent term of the court at which a judgment was rendered upon motion of one of the parties to set aside and vacate such judgment on the ground that it was entered through "inadvertence and mistake," which motion was confessed by the other party and thereupon the cause proceeded to trial and a judgment rendered against the party confessing such motion, the latter is estopped to complain at the action of the court in so setting aside and vacating such judgment.

*Headnote. Judgments, 34 C. J., section 441.

APPEAL from circuit court of Tallahatchie county, Second District.

HON. GREEK L. RICE, Judge.

Action between E. O. Whittington and others and James Sumrall. From judgment for James Sumrall, E. O. Whittington and others appeal. Affirmed.

*J. J. Breland,* for appellants.

This record shows that the court did not have jurisdiction to try this cause and that the verdict of the jury and the judgment of the court is void. The judgment entered at the September, 1923, term on the 14th day of September in this cause, as shown by Exhibit "A" to the amendment to the record filed herein is a valid judgment on its face, and the order entered at the March, 1924, term on the 4th day of March, 1924 a copy of which is made Exhibit "B" to the record filed herein, is void. A judgment rendered at a subsequent term, setting aside

a void judgment is itself void, *McComb* v. *Ellett,* 8 S. & M. 505. Our statute nowhere gives a circuit judge authority to set aside a judgment, which is valid on its face, at a subsequent term of court. Our statute authorizes a correction of judgments at a subsequent term to make the judgment speak the truth, but this statute does not authorize the setting aside and annulling the judgment which is valid on its face, except where the judgment is procured by fraud, want of notice, and for want of jurisdiction. The judgment which the court attempted to set aside is in every respect regular as far as the judgment itself shows and the record shows that the defendant in the court below, the appellant here, was properly below the court, and the record discloses that the court on the 14th day of December, 1923, had jurisdiction of the parties and of the subject-matter. A judgment may be set aside for want of notice or when the suit is based on an illegal consideration or where judgment is obtained by fraud; but there is nothing in the record to show any fraud in the procurement of the judgment attempted to be set aside by the court. In short, the record in this case affirmatively shows that the judgment entered at the September, 1923, term of court, is a valid judgment. *Railroad Co.* v. *Bolding,* 13 So. 844. On motion at a subsequent term to vacate a judgment the court will only consider matters affecting the jurisdiction of the court. *Railroad Co.* v. *Bolding, supra.* On the hearing of a motion to vacate a judgment the evidence in support of the motion must be clear and convincing. *Harper* v. *Barnett,* 16 So. 533. There was no evidence introduced before the court in support of this motion; thus, the evidence was not clear or convincing. We submit that on this ground alone this cause should be reversed and remanded.

*R. L. Cannon,* for appellee.

The former judgment was properly set aside and the cause reinstated for trial. 1. The motion to set aside

the judgment as null and void and to reinstate the cause was confessed by defendant.  2.  A void judgment may be vacated after the expiration of the trial term.  15 Stand. Enc. Proc. 192;  23 Cyc. 905, e; *Meyers* v. *Whitehead,* 62 Miss. 387.  3.  And on motion of the successful party.  23 Cyc. 899;  15 Stand. Enc. Proc. 204-6.  4. And on consent of the parties.  23 Cyc. 905 c; 15 Stand. Enc. Proc. 191.  5.  And the case should then be treated as a pending cause.  *Meyers* ·v. *Whitehead, supra.*

There is no error in setting aside the purported former judgment and reinstating the cause for trial at the then current March term.  The motion therefor shows that the purported judgment was null and void, was entered by inadvertence and mistake, and was not the judgment of the court.  The defendant appeared in open court and confessed the motion.  He is estopped to complain of the court's action.

ANDERSON, J., delivered the opinion of the court.

This is an appeal by appellants E. O. Whittington and others from a judgment against them in replevin involving the possession of an automobile.  The judgment appealed from was the second judgment for the automobile rendered by the circuit court of Tallahatchie county in favor of appellee James Sumrall, trustee, against appellants.  The first judgment was set aside on motion of the appellee at a term of the court subsequent to the term at which it was rendered.  The assignment of error mainly argued and relied on is that. the court was without authority of law to set aside the judgment at a subsequent term to that at which it was rendered. It is conceded by appellee that that principal is sound generally, but that it has no application to the facts in the present case because appellee's motion to set aside the judgment here involved was confessed by appellants; and appellee argues that therefore, regardless of the ground upon which the judgment was set aside, appel-

lants are estopped to question the action of the court. The record shows that the motion to set aside was confessed by appellants. After the judgment was set aside, the cause was treated as a pending cause and proceeded to trial resulting in the judgment here appealed from. The motion to set aside the judgment was based, not on the ground that the judgment was void on its face or was obtained by fraud, but upon the ground that it was entered by "inadvertence and mistake." Will appellants be permitted to repudiate their action in confessing the motion to set aside and vacate the judgment and thereby procure a reversal and another trial?

By their action in confessing the motion appellants at least tacitly agreed that the first judgment ought not to stand; that a new trial should be had. Having by their action in that respect been instrumental in bringing about another trial in which a judgment more unfavorable than the first judgment was rendered against them, they will not now be permitted to claim that the action of the court setting aside the first judgment was void. By confessing the motion to vacate and set aside the first judgment another trial followed, taking the time of the court and entailing time and probably expense on the part of appellee. Appellants are estopped from questioning the first judgment. Their confession that the first judgment was invalid when it suited their supposed interests in binding on them. When they found that they had made a mistake, they could not claim that the action of the court in taking their first view was without authority of law. 23 Cyc. 905, makes this statement, which is supported by cases in the notes:

"The court may vacate or open a judgment after the end of the term if the parties consent or agree thereto."

Other assignments of error are argued by appellants. We find no merit in any of them, and that they involve principles of law so well settled as not to call for a discussion by the court.

*Affirmed.*