## MOBILE & O. R. Co. v. FLANNAGAN.*

(Division B.   Nov. 2, 1925.)

[105 So. 749.   No. 25060.]

1. COMMERCE. *Questions of damages recoverable for delay in delivery of baggage of passenger in interstate trip determined on federal law.*
   Questions arising in action for damages for delay of carrier in delivering suit case, baggage of passenger in interstate trip, whether recovery may be had for mental worry alone, and whether punitive damages are recoverable for willful act of agent, where principal does not participate in or authorize or ratify it, are to be determined on federal law.

2. CARRIERS. *Damages. Not recoverable for mental worry disconnected from physical injury, and so not for mere delay in delivering baggage.*
   Under both state and federal law there can be no recovery for mere mental worry disconnected from physical injury, and so not therefor from mere delay in delivering baggage.

3. PRINCIPAL AND AGENT. *Punitive damages not recovered of principal for agent's willful negligence.*

Punitive damages are not recoverable of a principal for willful negligence of agent, not participated in, authorized· or ratified by, the principal.

*Headnotes 1. Courts, 15 C. J., Section 318; 2. Carriers, 10 C. J., Section 1600 (Anno); Damages, 17 C. J., Sections 152, 161; On right to recover for mental and anguish alone, apart from other damages, see 23 A. L. R. 361; 5 R. C. L., p. 225'; 8 R. C. L., p. 529; 2 R. C. L. Supp., p. 624; 4 R. C. L. Supp., p. 560; 5 R. C. L. Supp., p. 474; 3. Damages, 17 C. J., Section 290; On master's liability to exemplary damages for act of servant, see notes in 27 L. R. A. 193; 48 L. R. A. (N. S.) 35; 25 A. L. R. 80; 8 R. C. L., p. 597; 2 R. C. L. Supp., p. 632; 4 R. C. L. Supp., p. 564.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by Charlie Flannagan against the Mobile & Ohio Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Ely B. Mitchell,* and *R. C. Beckett,* for appellant.

Charlie Flannagan, appellee brought this suit in the circuit court of Alcorn county, Mississippi, against the appellant, and set out as ground of action that a suit case was carried by Ramer, Tennessee, on the afternoon of March 24, 1924, and that he did not get the suit case until the afternoon of March 25, 1924, and, "That in the meantime he and his wife and children had been greatly inconvenienced and annoyed on account of the failure to get their clothing and especially had the little girl suf- fered greatly on account and by reason of the fact that she did not have the braces," which the plaintiff had re- peatedly notified the defendant were in the suit case, and the plaintiff was greatly annoyed and greatly harassed in body and mind; and plaintiff charges that on account of the willful, reckless and gross negligence on the part of the defendant, its agents and servants, in failing to put ·

off the suit case at Ramer, and in refusing to return the same, the plaintiff was damaged both actual and punitive in the sum of one thousand dollars.''

Under the rule of common law, as pronounced and enforced in the federal courts of the United States, a corporation cannot be held liable for punitive or exemplary damages or the illegal, wanton and oppressive conduct by one of its employees, unless the corporation itself, through its board of directors, president or general manager, actually wielding the executive power of the corporation participated in the wrongful act, expressly or impliedly by authorizing or approving it, either before or after it was committed. *Lake Shore & Michigan Southern Railway Co.* v. *Prentice,* 147 U. S. 101; *Western Union Telegram Co.* v. *Norman,* 83 So. 462, 121 Miss. 128; *Western Union Telegram Co.* v. *Showers,* 73 So. 276, 112 Miss. 411.

The court correctly ruled that he was not entitled to pay for expenses in going after his suit case. *Miss. Central R. R. Co.* v. *John Kennedy,* 41 Miss. 671. Since this baggage was checked from Corinth, Mississippi to Ramer, Tennessee, it is an interstate shipment and governed by the Interstate Commerce Act. The court so held.

It is the law of Congress and not that of Mississippi, or Tennessee, which must apply and govern in the trial of this case.

''The rights and liabilities of an interstate passenger, and the carrier, in case of a loss of baggage depends upon federal regulations, the agreement between the parties, and common-law principles, as accepted and enforced in federal tribunals.'' *N. Y. C. & H. R. R.* v. *Beaham,* 242 U. S. 148, 61 L. Ed. 210; *Texas* v. *Mugg,* 202 U. S. 242-245, 50 L. Ed. 1001-13; *Texas & Pac. R. R. Co.* v. *Abilene Cotton Oil Company,* 204 U. S. 426-445, 51 L. Ed. 553-560; *Armour Packing Co.,* 52 L. Ed. 681; *Texas & Pac. R. R. Co.* v. *Mugg,* 202 U. S. 242, 50 L. Ed. 1011; *Chicago & A. R. R. Co.* v. *Kirby,* 225 U. S. 155, 56 L. Ed. 1033; *Adams Express Co.* v. *Cronninger,* 226 U. S. 491,

57 L. Ed. 314; *Missouri, K. & T. R. R. Co.* v. *Harriman,* 227 U. S. 657, 57 L. Ed. 690.

"A limitation as to baggage liability of an interstate carrier, based upon the requirement to declare its value when more than one hundred dollars, and pay any ex-cess charge, is a regulative determinative of the rate to be charged and affecting the service to be rendered to the passenger within the meaning of the act to regulate commerce of February 4, 1887 (24 Stat. at L. 279, chap. 104, U. S. Comp. Stat. 1901, 2154) sec. 6, as amended by Act of June 29, 1906 (34 Stat. at L. 1, 584, chap. 3591, U. S. Comp. Stat. Supp. 1911, at 1288), which requires regulations of that character to be filed and posted in accordance with its provisions as a part of the carrier's tariff schedules."

"A railway carrier receiving a passenger's baggage for interstate transportation is not required to give any other receipt than the customary baggage check by the provision of the Act to regulate commerce of February 4, 1887, section 20, as amended by the Act of June 29, 1906, that a railway company receiving property for trans-portation in interstate commerce shall issue a receipt or bill of lading therefor." *Boston & Maine Railway Com-pany* v. *Katherine Hooker,* 235 U. S. 97, 58 L. Ed. 868; *Galveston H. & S. A. R. R. Co.* v. *Woodberry,* 254 U. S. 357, 65 L. Ed. 301.

The action is based on a claim for mental suffering only, and nothing else was set out, and the proof discloses no other injury for which compensation is sought. On the facts presented here, the long recognized common-law rule permitted no recovery; the decisions to this ef-fect "rest upon the elementary principle that mere men-tal pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation."

The lower federal courts, almost without exception, have adhered to this doctrine, and in so doing we think they were clearly right upon principle and also in accord

with the great weight of authority. *Southern Express Co.* v. *Byers,* 240 U. S. 612, 60 L. Ed. 825.; *Western Union Telegraph Company* v. *Showers,* 112 Miss. 411, 73 So. 276.

"*Mental suffering*: Inconvenience and mortification due to the delay of the baggage are not elements of the damage recoverable, certainly not inconvenience which the passenger has the means of overcoming." 10 C. J. 1228.

"The measure of damages where a trunk has been unreasonably delayed and a person deprived of his wearing apparel, or property necessary for his use contained in the trunk would be the value of the use of the wearing apparel or other property so delayed, during the delay in delivering it to him." *Ford* v. *Atl. Coast Line Railroad Co.,* 8 Ga. A. 295, 68 S. E. 1072. See also *Texas, etc., R. R. Co.* v. *Taylor,* 3 Tex. Civ. Cas., sec. 192; *Texas, etc., R. R. Co.* v. *Russell* (Tex. Civ. A.), 97 S. W. 1090.

In the case at bar at the time that the check for the baggage was given the appellee, it contained the following: "The value of the baggage or articles belonging to or checked for an adult passenger shall be held to have been declared and agreed by him to be, and shall be deemed to be, not in excess of one hundred dollars." If the entire contents of this suit case had been lost to the appellee and the same had been for good, according to the terms of this contract he could have recovered only one hundred dollars. *Western Union Tel. Co.* v. *Norman,* 121 Miss. 128, 83 So. 465.

"The Federal Rule denies recovery, for mental anguish alone governs in a suit for damage in delivering an interstate telegram." *Western Union Tel Co.* v. *Showers,* 73 So. 276, 112 Miss. 411, 10 C. J. 1228.

*W. C. Sweat,* for appellee.

The first contention of the railroad company is that this case grew out of the transportation of baggage from Mississippi into Tennessee; and was, therefore, governed

by the Interstate Commerce Act, and by the rule governing the trial of cases in federal court.

No plea was filed here to the effect that this defense would be relied upon, and no notice given that this was interstate carriage and governed by the Interstate Commerce Act.

In the second place, the Interstate Commerce Act requires that the rates, fares, and charges for transportation should be published, filed, and copies thereof kept in a conspicuous place. There is no evidence at all anywhere in this record that this schedule has been filed, published and kept posted, as required by the Act. U. S. Compiled Statutes, 1901, at 3154; *Robinson* v. *Baltimore, etc., R. R. Co.,* 56 L. Ed. 228; *New York Central Ry. Co.* v. *Beaham,* 61 L. Ed. 210.

The only plea filed in the court below was the general issue, which is simply a general denial of liability. The supreme court of the United States has held that, in order for the defendant to avail itself of the provisions of the Federal Act, the same must be asserted at the proper time and in the proper manner, by pleading, motion, or other appropriate action under the state system of pleading and practice. *Atlantic Coast Line R. R. Co.* v. *Lizzie M. Sims,* 242 U. S. 532, 61 L. Ed. 476; *Mutual Life Ins. Co.* v. *McGrew,* 188 U. S. 291, 47 L. Ed. 480.

The next contention of the appellant is that, when the baggage was checked from Corinth to Ramer, Tenn., a baggage check was given to the appellee, Flannagan, and that on the back of this check was some printed matter which limited the railroad's liability to one hundred dollars and that one hundred dollars is the full amount of recovery to which the plaintiff is entitled. Our answer to this contention is the same as that above. No plea was filed that the plaintiff was bound by any such contract, and no notice was given to the plaintiff that this stipulation on the back of the baggage check would be relied upon as a defense. *N. Y. Central R. R. Co.* v.

*Beaham,* 61 L. Ed. 210; *Boston & Me. R. R. Co.* v. *Hooker,* 58 L. Ed. 868.

The next contention of the railroad company is that, as this suit was brought by Charlie Flannagan, he is not entitled to recover for anything contained in the suit case which belonged to his wife and to his children. It is true that Flannagan did not buy a ticket for his children, being under the age for which the railroad company requires a ticket when a child is accompanied by its parent. But the clothing and the brace for the little girl's feet were bought by and belonged to the father; and there is no rule which would prevent or prohibit the father from bringing suit for the recovery of these articles. 10 C. J. 1231; *Whitney* v. *Pere Marquette R. R. Co.,* 141 Mich. 412, 7 Ann. Cases, 57; *Richardson* v. *L. & N. R. R. Co.,* 85 Ala. 559, 5 So. 308; *Prentiss* v. *Decker,* 49 Barb. 21; *Yazoo, etc., R. R. Co.* v. *Baldwin,* 131 Tenn. 205, 81 S. W. 509; *Barnes* v. *Chicago etc., R. R. Co.,* 167 Mo. App. 62, 150 S. W. 1100.

The next contention of the appellant is that the verdict is excessive. See 10 C. J. 1227, and authorities there cited. In this instance, the man, his wife and three children were without their clothing for a day and a night, and they were without the use of the braces for the little girl whose ankles had been broken, and for whom these braces had been made. This child was brought in and exhibited to the jury. They saw the condition of her feet and ankles and were in a position to judge what it meant to be without these braces for the length of time that the evidence shows the child was without them. Under the circumstances, it cannot be said that the value of these articles alone for this length of time was less than one hundred fifty dollars, leaving out of view the punitive damages. See *Bacon* v. *Pullman Co.,* 159 Fed. 1, 89 C. C. A. 1, 14 Ann. Cases, 516, 210 U. S. 433, 28 Sup. Ct. 762, 52 L. Ed. 1136.

Therefore the plaintiff is entitled to recover for the value of the use of these braces, and for any suffering,

inconvenience and annoyance which their loss occasioned to him and to this child for the time; and it cannot be said that one hundred fifty dollars is too much for this.

Under the testimony in this case, the question of punitive or exemplary damages should have been submitted to the jury; and the court was in error in refusing for Flannagan the instruction submitting punitive damages to the jury; and was in error in granting the railroad company an instruction telling the jury that the plaintiff was not entitled to punitive damages.

If this suit had been brought in the federal court instead of in the state court, the rule of the federal court as to punitive damages would have prevailed. But this action was not brought in the federal court, but in the state court, and the rule in the state court, both in Mississippi, where the action was brought, and in Tennessee, where the wilfulness and recklessness complained of took place, is that punitive damages are allowed whenever it is shown that the act of the defendant, his agent, or servant, is characterized by wilfulness, recklessness, or gross negligence.

In answer to the contention that the liability of the railroad company is controlled by the Federal Act, and that punitive damages should not be allowed for that reason, we say that the defendant is not in a position to avail itself of the Federal Act; first, because no plea was filed giving any notice to the plaintiff that the Federal Act would be relied upon; and, second, because no proof was offered by the railroad company that the Federal Act had been complied with.

Under the facts in this case, it is peculiarly a case for submission to the jury as to the question of exemplary damages. It is clearly shown by the evidence that the railroad company, in its failure to return this baggage was so recklessly and grossly negligent in the handling thereof as to amount to wilfulness.

"Exemplary damages may be recovered for a wilful or wanton delay in transporting and delivering baggage,

or where the negligence causing the delay is so gross and reckless as to assume the nature of wantonness and wilfulness." 10 C. J. 1228; *Webb* v. *Atlantic Coast Line R. R. Co.*, 76 S. C. 193, 11 Ann. Cases 834; *Pittsburg, etc., R. R. Co.* v. *Lyon*, 123 Pa. St. 140, 16 Atl. Rep. 625; *Sullivan* v. *So. Ry. Co.*, 74 S. C. 377, 54 S. E. Rep. 586.

Argued orally by *R. C. Beckett*, for appellant.

Holden, P. J., delivered the opinion of the court.

The Mobile & Ohio Railroad Company appeals from a judgment of one hundred fifty dollars against it and in favor of the appellee, Charlie Flannagan, as damages for the delay in the delivery of a suit case transported as baggage by the railroad from Corinth, Miss., to Ramer, Tenn.

The appellee, Flannagan, with his wife and three small children, purchased tickets and boarded the appellant's passenger train at Corinth, Miss., to go to Ramer, Tenn., a few miles away. He checked as baggage a suit case which contained some of his clothes, and also some of the wearing apparel of other members of the family, and a pair of braces used on the feet and ankles of the appellee's baby.

When Flannagan and his family got off at Ramer, they called on the agent for the suit case, and found that it had not been put off at that station, but had been carried on to another station further north. The suit case was not returned to Ramer until after about twenty-four hours' delay; in fact, Flannagan went to the station above Ramer after the suit case and brought it back with him.

The suit case contained usable wearing apparel for appellee and the members of his family, and it appears that Flannagan was deprived of the use of certain clothes that he needed and would have used during the delay of twenty-four hours before he recovered the suit case. It is shown also that the braces which were used upon the feet of the baby to remedy a crippled condition were

in the suit case, and the baby was deprived of their use during the delay of the delivery of the suit case.

There is some incompetent testimony in the record with reference to what one agent said personally about another agent of the company as to the delay of the baggage, but we shall eliminate all such irrelevant matter from a discussion of this appeal.

The plaintiff claimed certain damages according to the bill of particulars filed. The chief items of damage claimed are for "mental worry" on account of the delay in the delivery of the suit case, two hundred dollars; and seven hundred dollars as punitive damages for the gross negligence of the railroad company in its failure to promptly delived the suit case at the point of its destination. The other items of small damage claimed, amounting to five dollars and four cents, seem to have failed on account of insufficient proof to sustain them, so we shall dismiss them from our consideration.

The lower court granted an instruction telling the jury that they should find damages for the appellee on the ground of "mental worry" in connection with the delay in the delivery of the suit case; and the appellant railroad company contends this was error. An instruction for punitive damages was asked for by the plaintiff below, but refused by the court, and the appellee cross-appeals on this point.

It will be observed that the transportation of the suit case was in interstate commerce; that is, from Corinth, Miss., to Ramer, Tenn. Therefore the federal law relative thereto must be applied in the case both as to the question of whether damages are recoverable for "mental worry" alone and whether the principal may be held for punitive damages for the willful act of an agent where the principal does not participate therein, nor authorize or ratify such act.

Under both state and federal authorities there can be no recovery for mere "mental worry" disconnected from physical injury. Therefore we are clearly of the opin-

ion that no recovery can be had for "mental worry" in the case before us, and that the lower court erred in granting the instruction permitting a recovery upon this ground.

As to the question presented by the cross-appeal, of whether punitive damages are recoverable in the case, it is our opinion the lower court was correct in refusing to permit the jury to assess punitive damages. The competent evidence in the case was insufficient to warrant the infliction of punishment for the negligence of the railroad company in failing to deliver the suit case until after twenty-four hours' delay; and, more than this, there can be no recovery of exemplary damages against the principal for the willful negligence of the agent (if it be conceded that there was willfulness in this case), because there was no participation in, no authorization of, nor ratification of, the act of the servant by the master in this case.   Therefore the lower court was right in denying punitive damages.

We think this record shows a case where the plaintiff is entitled to recover actual damages, in a small amount, for personal inconvenience suffered by him, and the loss of the use of his clothes during the time of the delay of the suit case, and that he should have had a recovery to that extent, together with the costs of court.   The suit is for the damage to appellee, Charlie Flannagan, himself, and not for injury or damage to the members of his family.   Therefore we think the judgment for one hundred fifty dollars must be reversed and the case remanded for a new trial on the question of the amount of damages alone.

*Reversed and remanded.*