MOBILE & O. R. CO. *v.* FLANAGAN.

(In Banc. May 25, 1942.)

[8 So. (2d) 241. No. 25060.]

118

**Ely B. Mitchell,** of Corinth, for appellant.

**W. C. Sweat,** of Corinth, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The judgment in this case was reversed on November 2, 1925, with an order of remand to the trial court. Mobile & Ohio R. Co. v. Flannagan, 141 Miss. 7, 105 So. 749. Execution for cost was issued against appellee and was returned nulla bona, whereupon appellant paid the costs, but appellee has never made reimbursement therefor, so that under Rule 29 of this court, the mandate has not been sent down, and in order to make the rule effectual, jurisdiction of the cause still remains with this court.

Appellant now moves the court to modify its judgment entered at the September, 1925, term and to enter instead at this time a judgment reversing the cause and dismissing it on the merits; and along with its motion appellant has filed and exhibited a written consent by appellee, signed and acknowledged before a notary public, and approved by his attorney of record that the judgment of dismissal on the merits may now be so entered.

There is a division among the authorities whether, after the close of a term of court, a judgment rendered at that term may be vacated and another judgment entered at some subsequent term, on the voluntary consent of the parties. See 31 Am. Jur., p. 276. However, in Whittington v. Simrall, 137 Miss. 511, 514, 102 So. 572, this court has said that "The court may vacate or open a judgment after the end of the term if the parties consent or agree thereto." Inasmuch as they may thus vacate or open a

judgment, it would follow with equal reason that by like consent they may substitute an agreed judgment, especially where the latter will put an end to the litigation.

Motion sustained.

**Anderson, J.,** took no part in this decision.