**ADAMS; Plaintiff-Appellee, v. ADAMS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3729. Decided January 21, 1947.

Marion T. Frederick, Columbus, for plaintiff-appellee.
Leonard P. Henderson, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court, Division of Domestic Relations, Franklin County, Ohio.

Plaintiff-appellee filed his petition for a divorce January 17, 1941, on which personal service was made on defendant-appellant. No answer was filed and on October 17, 1941, the action was dismissed without prejudice to the bringing of a new action. Later the plaintiff-appellee filed a new action which was dismissed December 24, 1942.

On June 20, 1942, plaintiff-appellee filed a motion to reinstate the original action. Notice was served on the defendant-appellant of the hearing on said motion. The defendant failed to appear either in person or by attorney. The Court withheld its ruling on the motion. The plaintiff-appellee, being

in the armed services and expecting to be sent over seas, in which event he would not be able to be present at the hearing date on the second petition, he pressed for a ruling on the motion. Later the plaintiff-appellee secured a furlough and returned to Columbus for the purpose of trial. An entry sustaining the motion of plaintiff-appellee to reinstate the original action was presented to the defendant-appellant, which she approved in writing. Trial was had and a decree was granted to the plaintiff-appellee on December 24, 1942. On January 28, 1943, the defendant-appellant filed her motion to set aside, vacate and hold for naught the decree entered December 24, 1942. This motion was overruled and from this order this appeal was taken.

The defendant-appellant in her brief contends that the order of the Court last made was contrary to law. There being no bill of exceptions the Court cannot consider one matter raised in the brief of defendant-appellant, to wit, whether defendant-appellant's approval to the entry was obtained through misrepresentation. In the absence of a record showing the contrary this Court is required to adhere to the established rule that the trial Court acted properly and everything was done regularly.

The only vital question raised is whether the trial Court had jurisdiction to make the order reinstating the original action. If the Court had jurisdiction it follows that the trial, the grantting of the decree and the subsequent order overruling the motion to set aside the decree were proper.

The sections of the Code of Civil Procedure relative to the revivor of actions have no application to the facts in this case. The Common Pleas Court is given statutory authority to set aside its judgments or orders after term. The grounds for vacating a judgment or order and the procedure to be followed are set forth in the statute, §11631, et seq., GC. Conceding the point that one of the grounds for vacating a judgment or order after term as set out in the statute does not appear in the record, the Court nevertheless had authority to vacate the dismissal order with the consent of parties. In **National Home for Disabled Volunteer Soldiers v Overholser, 64 Oh St 517, 60 N. E.** 628, the jurisdictional question was passed upon by our Supreme Court. The opinion of the Court is concise and is quoted in full as follows:

"The circuit court acted upon its own motion, and apparently upon the impression that the court of common pleas on March 25, 1899, was without jurisdiction to set aside the

judgment which it had rendered in the 25th of November, 1898, although the parties consented thereto. That view of the subject is erroneous. **It was not an agreement to confer upon the court of common pleas jurisdiction of a subject matter. That court is vested by statute with authority to set aside its judgments after the terms at which they are rendered for specified reasons, and when counsel consented that that jurisdiction should be exercised in this case, they did no more than to waive the allegation of a statutory ground for such action.** That judgment having been set aside, the judgment of March 27, 1899, upon the overruling of the motion for a new trial, is the only final judgment of the court of common pleas in the case, and the petition in error having been filed within four months of the rendition of that judgment it was the duty of the circuit court to consider it."

(Emphasis ours.)

See also **Volume 23, O. Jur. page 1181, §1070;** Volume 31, Am. Jur. page 276, §730.

Applying this principle of law to the facts in this case, this Court holds that in the case of bar the trial court had jurisdiction to vacate the order dismissing the action without prejudice. The action being reinstated it was restored to the same status it had at the time of the dismissal. The trial court having jurisdiction proceeded to trial and issued a decree dated December 24, 1942. The decree in the original action and the entry dismissing the second action being entered on the same day, it is presumed the entries in the two cases were filed in the proper order, no showing being made to the contrary. In fact, we are unable to see how the filing of the second action could deprive the Court of its jurisdiction to proceed in the original action, once the action was reinstated.

Accordingly, the order of the trial court in overruling the motion to set aside and vacate the decree was not contrary to law.

Finding no error in the record prejudicial to the defendant-appellant, the judgment of the trial court is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.