Leon BERRY, Appellant,

v.

Johnnie L. CHITWOOD and Carrie Chitwood, his wife, Respondents.

No. 48451.

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1962.

J. Ben Searcy, Eminence, Hogan & Hogan, Robert E. Hogan, West Plains, for appellant.

Dorman L. Steelman, Salem, for respondents.

STOCKARD, Commissioner.

Leon Berry has appealed from a judgment dismissing his petition with prejudice in which he alleged that a prior judgment was void and constituted a cloud on his title to a tract of land in Reynolds County. Portions of this opinion are taken from a previously prepared opinion without the use of quotation marks.

Accepting as true the allegations in the petition, we have these facts. In April 1954 plaintiff instituted an action against the defendants, Johnnie L. and Carrie Chitwood, to quiet title to a described tract of land in Reynolds County. There was personal service on the defendants and an answer was filed by them. On September 8, 1955 the court entered judgment quieting title in the described land in plaintiff, and the court decreed that defendants had no right, title or interest in the property. No after trial motions were filed and no appeal was taken from the judgment. On October 20, 1955, more than thirty days after the entry of the original judgment, the trial court entered a second judgment in the case. The new judgment recited that the judgment rendered on September 8, 1955 "is set aside by agreement of parties hereto, and a new Judgment is entered." The new judgment purported to quiet title to the described land in plaintiff "except approximately 6 to ten acres, approximately 400 feet wide, which is now under fence and which is being held adversely."

On June 14, 1960, more than four years after the entry of the October 20, 1955 judgment, plaintiff instituted this proceeding in two alternative counts to vacate and set aside that judgment, but plaintiff admits that the first count is of "no consequence on this appeal." In the second count the facts are alleged as previously stated, and further that the judgment of September 8, 1955 "was the full, true and correct judgment" of the court made without clerical error or misprision, and that there was no written memoranda in the files indicating that the judgment was not correct in every respect. It is also alleged that the judgment or decree of October 20, 1955 was rendered "more than 30 days after the entry of the previous judgment," and that the court had no jurisdiction to enter it. Plaintiff prayed that the judgment of October 20, 1955 be declared null and void and that it be canceled.

Defendants' motion to dismiss the petition on the ground that it "fails to state a cause of action against the defendants" was sustained, and in its order the trial court recited that "in view of the provisions of Civil Rule 74.32, and the principles of res judicata, plaintiff is entitled to no relief since more than three years have

elapsed since rendition of the judgment of October 20, 1955."

■ Civil Rule 74.32, V.A.M.R., provides that judgments "shall not be set aside for irregularity, on motion, unless such motion be made within three years after rendition thereof." However, the general rule, with certain exceptions (such as motions for amendment nunc pro tunc, motions for irregularities patent, motions in the nature of coram nobis, and motions pertaining to child custody and alimony as authorized by Section 452.070 RSMo 1959, V.A.M.S.), is that when no after trial motions are filed, upon the expiration of thirty days the judgment becomes final and beyond the reach of the trial court to change, amend or modify on its own motion or the motion of one of the parties. Thompson v. Hodge, Mo.App., 348 S.W.2d 11; Schenberg v. Schenberg, Mo.App., 307 S.W.2d 697; Snyder v. Christie, Mo.App., 272 S.W.2d 27; Rosbrugh v. Motley, Mo. App., 216 S.W.2d 165; State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W.2d 789. See also Section 510.370 RSMo 1949, V.A.M.S. and former Supreme Court Rule 3.25 effective at the time of the entry of the judgments in this case, and Civil Rule 75.01 now applicable. Under such circumstances an attempt by the court to change, amend or modify the judgment is of no effect, and a judgment resulting from such attempt is void and subject to a collateral attack. Smethers v. Smethers, Mo. App., 263 S.W.2d 60. A void judgment is not an "irregularity" within the meaning of Civil Rule 74.32, V.A.M.R., and that rule does not preclude a proper proceeding to declare a judgment void after the three-year period. Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882; Simplex Paper Corporation v. Standard Corrugated Box Co., 231 Mo.App. 764, 97 S.W.2d 862; Smethers v. Smethers, supra; Annotations, 22 A.L.R.2d 1325 and 157 A.L.R. 60. As to res judicata, which was relied on by the trial court, a void judgment may not be used as the basis for the application of that doctrine. Metcalf v. American Surety Co. of New

York, 360 Mo. 1043, 232 S.W.2d 526. It is apparent that the motion to dismiss should not have been sustained for the reasons stated. However, in our opinion it should have been sustained for another reason which we shall now discuss.

Incorporated as a part of the petition is the judgment of October 20, 1955 which recites that it was entered "by agreement of parties hereto." There is no allegation in the petition which in any way purports to challenge the existence or validity of that agreement, and for the purpose of determining whether or not the petition states a cause of action we accept as true that the parties to the previous suit, which includes the present plaintiff, did affirmatively agree that the judgment of September 8, 1955 be set aside and that the judgment of October 20, 1955 be entered in lieu thereof. Whether or not upon the express agreement of all parties a court can amend, alter or change a judgment after the expiration of thirty days, when no after trial motions have been filed, has not been decided by this court, and we find the rule not to be uniform in other states. See 30A Am.Jur. Judgments § 651; 49 C.J.S. Judgments § 230d. The lack of uniformity apparently results, at least in part, from the failure to distinguish between jurisdiction of the subject matter and authority to exercise existing jurisdiction.

■ It is a sound and uniform rule that the parties cannot create jurisdiction of a court over the subject matter by agreement when it otherwise does not exist. Simmons v. Friday, 359 Mo. 812, 224 S.W. 2d 90; Hoover v. Abell, Mo.App., 231 S.W.2d 217. However, the parties may admit the existence or waive the formal proof of a fact essential to vest the court with authority to exercise existing jurisdiction of the subject matter. Caruthersville School Dist. No. 18 v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6. This is what was done in this case. The court had jurisdiction of the persons and the general subject matter of the case in which the September 8, 1955

judgment was rendered, and notwithstanding the previous rule concerning the finality of the judgment, the court had authority to change, alter, or amend that judgment, even after the expiration of thirty days, upon the allegation and after sufficient proof of some authorized basis for the exercise of its jurisdiction. For example, upon motion and sufficient proof the court could amend or change the judgment by order nunc pro tunc, City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726; or correct irregularities patent, State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S.W.2d 22; or set aside the judgment pursuant to a motion in the nature of coram nobis, Norman v. Young, Mo., 301 S.W.2d 820. From the record we cannot say that all or any of the above procedures would have been appropriate in this case. We mention them to demonstrate that after the thirty day period the judgment is not absolutely immune to change or being set aside. When the parties agreed that the September judgment be set aside and the October judgment substituted therefor, they waived the formal allegation and proof of some authorized ground for the court to exercise its jurisdiction to enter the new judgment.

■ The petition affirmatively alleges the existence of the agreement and there *is no allegation which if true would invalidate that agreement or destroy its effect.* Therefore, the petition negatives the right of plaintiff to obtain the relief requested, and for that reason it fails to state a cause of action.

We find the above reasoning and result to have support in the courts of other jurisdictions. In National Home for Disabled Volunteer Soldiers v. Overholser, 64 Ohio St. 517, 60 N.E. 628, cited and quoted with approval in Adams v. Adams, 80 Ohio App. 245, 74 N.E.2d 119, the court examined a situation somewhat similar to that we have in this case, and then held: "The circuit court acted * * * upon the impression that the court of common pleas * * * was without jurisdiction to set aside the judgment which it had rendered * * * although the parties consented thereto. That view of the subject is erroneous. *It was not an agreement to confer upon the court of common pleas jurisdiction of a subject-matter. That court is vested by statute with authority to set aside its judgments after the terms at which they were rendered for specified reasons, and, when counsel consented that that jurisdiction should be exercised in this case, they did no more than to wave the allegation of a statutory ground for such action."* In Mobile & O. R. Co. v. Flanagan, 193 Miss. 117, 8 So.2d 241, after recognizing that there was not complete unanimity in the cases, it was stated: "[I]n Whittington v. Simerall, 137 Miss. 511, 514, 102 So. 572, this court has said that 'The court may vacate or open a judgment after the end of the term if the parties consent or agree thereto.' Inasmuch as they may thus vacate or open a judgment, it would follow with equal reason that by like consent they may substitute an agreed judgment, * * *." See also Freeman on Judgments, (5th ed.) § 142, where it was stated that if a court has retained and continued its jurisdiction by reason of a motion or other proceeding filed during the term, its "power and control over its final judgment or decree survive the end of the term," and that "the same result may be reached by consent of all the interested parties." For other cases see Morici v. Jarvie, 137 Conn. 97, 75 A.2d 47; Cichy v. Kostyk, 143 Conn. 688, 125 A.2d 483; Poneleit v. Dudas, 141 Conn. 413, 106 A.2d 479; Treasy v. Moore, 18 Ky.Law Rep. 421, 36 S.W. 1132; Sheridan v. City of Chicago, 175 Ill. 421, 51 N.E. 898. A somewhat related case is Driver v. International Air Race Ass'n of America, 54 Cal.App.2d 614, 129 P.2d 771. In Knowlton v. MacKenzie, 110 Cal. 183, 42 P. 580, the amendment of a judgment after term was held to be improper because the stipulation therefor was not signed by one of the parties.

One of the cases upon which plaintiffs rely is Rosbrugh v. Motley, Mo.App., 216 S.W.2d 165. There, after a motion for new trial was overruled by operation of law, the trial court entered its order granting a new trial and stated that it was "by agreement of the parties." It was held: "The trial court was powerless to act on defendants' motion for new trial, after June 29, 1947, even upon agreement of the parties." That case is cited with approval in Rozell v. Rozell, Mo.App., 229 S.W.2d 700. In this latter case, after a judgment became final "the trial court, by agreement of plaintiff and defendants, attempted to modify the judgment," and subsequently the plaintiff attempted to appeal from that modified judgment. It was held: "[T]he trial court attempted to modify its judgment * * * by agreement of the parties, and this [it] was powerless to do. The * * * appeal * * * was from a judgment which the trial court had no power to render * * *."

We believe the Rosbrugh case to be distinguishable because at the time the new trial was granted there was no procedure that could have been followed which would or could have authorized the action taken. Therefore, there was nothing waived by the agreement. As to the Rozell case, it appears that if plaintiff agreed to the judgment he could not have been an aggrieved party for purposes of taking an appeal. However, insofar as either case conflicts with the rule we have herein set out, it is disapproved.

We are of the opinion that in the exercise of our discretion we should afford plaintiff an opportunity to amend his petition, if so advised, see Burke v. City of St. Louis, Mo., 349 S.W.2d 930, but it should be borne in mind that more than three years have elapsed and he must allege facts which, if true, demonstrate that the judgment entered by agreement of the parties is void, and not that it was merely the result of an irregularity. Civil Rule 74.32, V.A.M.R.

The judgment is reversed and cause remanded for such further proceedings as may be proper.

BOHLING, C., concurs.

BARRETT, C., dissents.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.