Charles R. BURBA, Plaintiff in Error,

v.

Virginia BURBA, Defendant in Error.

No. 42714.

Supreme Court of Oklahoma.

Oct. 21, 1969.

Wm. H. Henderson, Oklahoma City, for plaintiff in error.

O. A. Cargill, Jr., and Hal D. Leaming, Roger H. Swan, Smith, Leaming & Swan, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

In the action from which this appeal arises, the wife as plaintiff sued for separate maintenance and the husband as defendant filed a cross-action for divorce. Thereafter the wife filed an amended petition wherein she sought a divorce on the ground of incompatibility. The trial court considered the merits of the divorce case and in connection with its ruling thereon ordered that the cause be continued to a day certain, later in the same term of court, for the hearing of evidence and ruling upon the question of attorneys' fees to be allowed the wife.

Our continued reference to the parties herein will be according to the order of their appearance in the trial court.

█ The question here involved is whether the plaintiff is entitled to recover one attorney's fee of $5,500.00 for the attorney who represented her in the early stages of her suit, less $1,000.00 already paid thereon, and another such fee in the amount of $6,000.00 for the firm of attorneys who thereafter represented her through the final stages of such action and subsequently thereto. We determine she is.

As above stated, plaintiff first sued defendant for separate maintenance. A temporary order was made of effect that plaintiff should receive temporary alimony pendente lite, temporary child support and a temporary attorney's fee. A hearing was set to give defendant an opportunity to show cause why the order should not be continued in effect. The matter was worked out by agreement so that plaintiff would receive $500.00 per month temporary support together with certain temporary child support payments and a temporary attorney's fee of $1,000.00, which latter fee has been paid, and for which defendant is entitled to the credit above noted.

The attorney who first representd Mrs. Burba prepared her pleadings, the various orders and modifications thereof and the like and handled her case from its inception for several months, during which time she, either alone or with members of her family, consulted with him repeatedly. He also obtained an agreement from defendant and defendant's attorney, signed by defendant, to pay plaintiff in property and money the sum of $165,000.00.

Thereafter a difference of opinion over certain terms of the proposed settlement agreement and/or further conduct of the case arose between plaintiff and her first attorney. Thereupon, plaintiff asked that her then attorney release her from their contractual obligation and he withdrew from the case. Just prior to the time of his withdrawal, such attorney had asked

an accountant to go into defendant's affairs and advise the attorney with reference thereto from the standpoint of the interest of Mrs. Burba.

The plaintiff then retained new counsel who are still representing her in this matter. These attorneys performed considerable services for plaintiff.

Some considerable time before Mrs. Burba originally filed her action, she and her husband had gone to Mr. Burba's present attorney and laid their problem before him. The parties with his help tried to arrange a property settlement, at which time Mr. Burba offered plaintiff a settlement that he says would have amounted in value to some $150,000.00. Mrs. Burba was not satisfied and sought the services of her attorney who was first employed as above stated. This attorney worked with the parties and Mr. Burba's present attorney, during the course of which negotiations Mr. Burba agreed to give Mrs. Burba property and payments of the approximate value of $165,000.00 as above set forth. The plaintiff's then attorney worked out several tentative agreements with defendant and his counsel which would hardly satisfy plaintiff because of her stated belief that there was a misunderstanding as to what had been agreed to. After the discharge of this attorney and before the trial of the divorce action on its merits, such attorney filed an application in the case for an allowance of attorney's fees, attaching to his application a copy of the last written tentative agreement he had obtained from Mr. Burba and his attorney. The court did not then rule upon such application.

Plaintiff's new counsel, in order to ascertain what property defendant had and his ideas of the value thereof, to learn his net worth and for purposes of discovery generally, took Mr. Burba's deposition. They hired a C.P.A. to go over his balance sheet and State and Federal income tax returns which they obtained from his counsel, they inspected his properties and had an appraiser make an evaluation on one property as to the value of which they were in doubt. Such counsel testified that they spent a considerable amount of time on Mrs. Burba's case both prior to the entry of the decree of divorce and thereafter winding up the joint affairs of the parties in various respects and that they carried a considerable burden of responsibility owing to the size of the estate involved and the intricacies of the problems solved, all as detailed in the evidence.

Mrs. Burba's first attorney did not have a record of the exact time he had dedicated to the pursuit of her interests but he and expert witnesses called on his behalf testified that the services described in the evidence that he rendered to plaintiff were of a value in excess of the fee thereafter set by the trial court in the amount of $5,500.00. Plaintiff's new attorneys and their expert witnesses likewise set the value of their services at at least $6,000.00 or more, which was the amount in which their fees were fixed by the trial court.

Part of the dispute in this appeal arises from the fact that the attorneys' fees were not fixed as a part of the judgment proper at the conclusion of the divorce trial on March 1, 1967, but were purportedly settled by a judgment entered on September 8, 1967.

In paragraph XXII of the written settlement agreement entered into by the parties and approved in open court by the judge of the trial court who granted the divorce to plaintiff it is recited that "the Defendant agrees to pay Plaintiff's attorney's fees and all court costs and if an agreement cannot be reached between Defendant and Plaintiff's attorneys as to the amount of attorneys' fees, the matter shall be submitted to Judge Clarence M. Mills for his decision."

Such agreement was found by the trial court in a clause of its findings in the divorce decree to have been entered into between the parties and approved by the court. Among its orders in the decree there is one which approves the agreement in all respects, adjudges it to be fair and equitable to both parties, accepts it in its entirety and makes it a part and parcel of

the divorce decree and orders it into execution as a judgment of the trial court and subject to the powers and orders of the trial court to enforce the same in its entirety. In the concluding portion of the decree and just preceding the paragraph providing for a waiting period before the parties were eligible for remarriage, appeared the following paragraph, to-wit:

"IT IS FURTHER ORDERED and by agreement of the parties that this cause be continued for the purpose of fixing the attorney fees to be paid by defendant to plaintiff's attorneys, Smith, Leaming and Swan, and plaintiff's former attorneys, Cargill, Chiaf and Cargill before the assigned Judge."

The journal entry of judgment awarding attorneys' fees commences with the following language: "On March 1, 1967, Decree of Divorce was rendered in the above styled and numbered cause, and by express stipulation of the parties, allowance of plaintiff's attorney fees was continued to June 27, 1967." Then follows a recitation of continuances, appearances at subsequent dates, etc.

Defendant in his first proposition argues that, upon expiration of the term of court during which the decree of divorce was awarded plaintiff, the trial court, having rendered one final judgment in the case, lost jurisdiction to render the purported additional judgment for attorney fees and that same is void. He cites the case of Friedman v. Friedman, 132 Okl. 45, 269 P. 257.

Defendant says the trial court had no power to reserve authority after expiration of term to fix such fees, citing Cons. School Dist. No. 15, etc. v. Green, 180 Okl. 567, 71 P.2d 712.

Defendant further says recitation in the divorce decree that the parties agreed to continue the hearing to a later date could not confer jurisdiction and cites several cases.

The attorney who first represented plaintiff (Mr. Cargill) argues that the portion of the divorce decree of March 1, 1967, continuing the part of the trial relating to attorneys' fees over to a later date was a consent order and must be regarded as a contract. He cites the opinions of this Court in the cases of Cobb v. Killingsworth, 77 Okl. 186, 187 P. 477 and Greeson v. Greeson, 208 Okl. 457, 257 P.2d 276.

Present counsel for plaintiff argue of similar effect, seek to distinguish the authorities cited by defendant and, citing the cases of Hobbs et al. v. German-American Doctors, 14 Okl. 236, 78 P. 356 and Harrison v. Osborn, 31 Okl. 103, 114 P. 331, argue that the question herein involves a matter of jurisdiction of the person rather than subject matter and that any objection thereto could be and was waived. They also cite Adams v. Adams, 80 Ohio App. 245, 74 N.E.2d 119 and Berry v. Chitwood, Mo., 362 S.W.2d 515, 3 A.L.R.3d 1185.

It appears to us that plaintiff's argument of effect that if the parties consent that jurisdiction should be exercised in a case such as the present one, they do no more than waive the allegation of a statutory ground that that action is proper, is well taken.

In the case of Mabry v. Baird, 203 Okl. 212, 219 P.2d 234, Manila Mabry sued her husband, E. K. Mabry, for a divorce. The trial judge rendered a judgment on April 7, 1947 granting plaintiff a divorce and dividing certain of the parties' property and ordering that their remaining property be divided equally and the court's minutes recited that the matter was continued as to attorney fees. The parties and their attorneys could not agree on terms of journal entry. On May 3, 1947, plaintiff wife filed an application for the trial court to clarify judgment, to include certain properties the parties had overlooked in pleadings and evidence. Four days later, Mr. Mabry died. Plaintiff then filed an application to revive, sought withdrawal of the judgment, said she had not received award for attorneys fees, etc. The deceased husband's relatives filed pleadings and the trial court heard the

matter and on June 5, 1947, rendered a specific judgment as to specific property.

On appeal the purported June 5th, 1947, judgment was vacated because it went further than the nature of a nunc pro tunc judgment permits. However, this Court held that the pronouncement by the trial court from the bench, as subsequently accepted and acted upon by the parties, was a valid judgment insofar as it specifically divided the property, held that the title to any property that was not included in that judgment could still be litigated in a separate suit and ordered the trial court to enter up a judgment nunc pro tunc on remand that would set forth the terms of the judgment actually rendered on April 7, 1947.

In the Mabry v. Baird case, supra, this Court further held that the facts distinguished such case from the Friedman case, supra, and, referring to the circumstances that there was no contest over the fact that defendant should pay plaintiff's attorneys a reasonable fee, but that all the parties submitted the question to the trial court and accepted its determination, we there (p. 241) said:

"Under these circumstances we think the error of the trial court, if any, in determining the attorneys fees separate and apart from the judgment previously rendered, was harmless and was waived by the parties, and that the decision on the question of attorneys fees is binding upon the parties, although the court did not vacate the original judgment and re-render a judgment which included the attorneys fees."

See also 21 C.J.S. Courts § 85, p. 132; 28 Am.Jur.2d Estoppel and Waiver, p. 704, § 73.

It is to be noted that in Mabry v. Baird, supra, the judgment for attorneys' fees was entered in the same term of court as that in which the decree of divorce had been granted. Here the trial court passéd the matter over, the parties stipulated to a hearing on June 27th as shown in the court's minutes and stipulated to a further continuance beyond the end of the term. The hearings in July and rendition of judgment for attorneys fees on September 8, 1967, should be "regarded merely as unfinished business at the following term and may be passed upon at that time." Vance v. Commercial Credit Co., 176 Okl. 343, 55 P.2d 1015 (syllabus pgh. 2) 1017, Phillips Pet. Co. v. Davis, 194 Okl. 84, 147 P.2d 135, 136 (Syll. pgh. 2).

In the Mabry case no objection was made at trial or on appeal to the allowance of attorneys' fees. Here no objection was raised as to the jurisdiction of the trial court to render judgment for same until the filing of an amended petition in error, 8 days after the filing of the original petition in error.

Under the circumstances of this case, we find no want of jurisdiction in the trial court on September 8, 1967, to enter judgment for attorneys' fees as was done.

■ In defendant's second proposition it is argued that the trial court abused its discretion in allowing plaintiff to recover her attorneys' fees. We do not agree. One sufficient answer to this argument it would seem is the agreement of defendant to pay same as set forth in paragraph XXII of their settlement agreement as set forth hereinabove. A consideration of the age of the parties, their state of health, their acumen and earning capacity, training and experience in business or lack of such and other facts in this case as shown in the record does not impel the adoption of a view contrary either to that of the trial court or defendant's agreement.

■ In his proposition 3, defendant urges that the trial court abused its discretion in allowing two fees as above shown and in finding that plaintiff did nothing to create unnecessary expenditures of time and work and in admitting in evidence opinions of expert witnesses founded on an improper basis. Defendant cites certain opinions of this Court to sustain his view. The trial court apparently did not believe it to be unreasonable conduct on the part of plaintiff for her to seek new

counsel who were not acquainted with her husband and who in her view would conduct an investigation into his business affairs more in line with her ideas with reference thereto.

Counsel testified their efforts were not duplicitous. The proper testimony of numerous expert witnesses warranted the trial court in fixing the respective fees in the amount it did. Other evidence of contrary effect adduced by defendant apparently was weighed by that court in arriving at the amounts fixed.

The trial court saw and heard the witnesses including plaintiff and defendant, their attorneys, and the expert witnesses called by the respective interested parties and was in a position to know of and evaluate their experience and judgment in matters concerning which they testified.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.