**Russell Paul TATE, Appellant,**

v.

**Sheila Ann TATE, now Sheila Ann McDonald, Appellee.**

**No. 71355.**

Court of Appeals of Oklahoma, Division No. 3.

May 22, 1990.

Rehearing Denied July 3, 1990.

---

3. Repealed by Laws 1989, c. 321, § 28, effective January 1, 1992.

4. Okla. Const. art. X, § 8.

Mark Hammons, Hammons, Hammons & Taylor, Oklahoma City, for appellant.

Robert E. Davis, Okarche, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Russell Paul Tate (Appellant or Husband) seeks review of the Trial Court's order allowing attorney fees to Appellee Sheila Ann Tate, now McDonald (Appellee or Wife) on Wife's application therefor. The parties divorced in 1986, and Husband directed to pay child support. Husband fell in arrears and Wife cited Husband for contempt. On April 28, 1987, the date of hearing on the contempt citation, Husband confessed arrearage. The parties also stipulated to Wife's entitlement to attorney's fees, the amount of which to be determined by agreement, or in the event the parties could not agree, by the Court.

The parties apparently could not agree as to amount of Wife's attorney's fees, and on May 5, 1988, Wife filed her application for determination of fees. On June 10, 1988, the Trial Court awarded Wife fees in the sum of $500.00. Husband now appeals, asserting Wife's application for fees was untimely filed, thereby divesting the Trial Court of jurisdiction to enter the award. Wife responds, asserting that Husband's appeal is frivolous and without merit, warranting an award of costs and appeal related attorney's fees to her.

■ Our Supreme Court has previously rejected the same argument advanced by Husband herein in *Burba v. Burba*, 460 P.2d 893 (Okl.1969). In *Burba*, the Trial Court entered the decree of divorce in March, 1967, which provided, *inter alia*, "by agreement of the parties that this matter be continued for the purposes of fixing attorney fees to be paid by defendant [husband] to plaintiff's attorneys." The Trial Court did not enter its order for attorney fees until September, 1967. On appeal, the Supreme Court held that the rendition of judgment for attorney fees should be re-

garded as merely "unfinished business" which issue could be passed upon at subsequent term. 460 P.2d at 897. In light of this holding, we hold *Burba* dispositive of Husband's appeal, and find Husband's allegation of error without merit. On those grounds, we affirm the Trial Court's order granting attorney's fees to Wife.

■ As we find Husband's appeal without merit, we further grant Wife's prayer for appeal-related costs and attorney's fees. See, e.g., *Agent v. Agent,* 604 P.2d 862 (Okl.App.1979); *Tigert v. Tigert,* 595 P.2d 815 (Okl.App.1979); *Selby v. Selby,* 569 P.2d 539 (Okl.App.1979); *Durland v. Durland,* 552 P.2d 1148 (Okl.1976); *Dowdell v. Dowdell,* 463 P.2d 948 (Okl.1969); *Lavender v. Lavender,* 435 P.2d 583 (Okl. 1967). The case should therefore be remanded for a determination of a reasonable attorney's fee for appeal-related legal services under the guidelines of *State ex rel. Burk v. Oklahoma City,* 598 P.2d 659 (Okl. 1979) and *Oliver's Sports Ctr. v. Nat'l. Std. Ins.,* 615 P.2d 291 (Okl.1980).

No reversible error of law appears, the Trial Court did not abuse its discretion, and the cited case is dispositive of the present appeal. The order of the Trial Court is therefore AFFIRMED, and the cause REMANDED for further proceedings consistent herewith. Rules 1.201, 1.202(e), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

HANSEN, P.J., and ADAMS, J., concur.